[L. A. No. 1337.   Department Two.—September 25, 1903.]

## NEVADA NATIONAL BANK OF SAN FRANCISCO, Respondent, v. POSO IRRIGATION DISTRICT, Respondent, and AUGUSTINE V. RUSSELL, Intervener, Appellant.

IRRIGATION DISTRICT—PUBLIC LANDS—SUBSEQUENT SALE AND PATENT —NON-LIABILITY FOR BONDS.—Public lands of the United States cannot be included in an irrigation district, and can form no part thereof.  Neither the state nor its agencies can impose an assessment, tax, or liability thereupon; and a sale and patent therefor after the issuance of bonds of the irrigation district, cannot operate to charge the land in the hands of a holder under the patent with any pre-existing liability on such bonds, not assented to by the government or its grantee.

ID.—ACTION TO ENFORCE BONDS—INTERVENTION—RIGHTS OF HOLDER UNDER PATENT—REMOVAL OF CLOUD.—In an action to enforce such bonds, the grantee from the government under the subsequent patent has a right to intervene, and to defend against the bonds, either by defeating the cause of action for their original invalidity, or by showing that the intervened land is not a part of the irrigation district, in which case the intervener is entitled to a judgment relieving the land from an asserted liability and removing a cloud that would otherwise affect its value.

ID.—FINDINGS OF FACT—ERRONEOUS CONCLUSION OF LAW—MODIFICATION OF JUDGMENT.—Where the findings of fact by the court conclusively show, as matter of law, that the bonds are not enforceable against the land of the intervener, nor against the intervener at all, and that such lands are not a part of the district, a statement in the last finding of fact that an assessment when levied to obtain revenue for the payment of the liability of the district, will become a lien upon the land of the intervener, is an erroneous conclusion of law, and a judgment merely exempting the land from the lien of the judgment rendered in favor of the holder of the bonds, and following the erroneous conclusion of law, will be modified upon appeal, to accord with the true conclusion of law.

APPEAL from a judgment of the Superior Court of Kern County.   J. W. Mahon, Judge.

The facts are stated in the opinion.

Henry K. Mitchell, for Appellant.

Heller & Powers, for Plaintiff, Respondent.

R. M. F. Soto, and George H. Maxwell, for Defendant, Respondent.

HAYNES, C.—Plaintiff brought this action against said irrigation district, alleged to be a corporation organized under an act of the legislature approved March 7, 1887, (Stats. 1887, p. 29,) upon a large number of bonds and coupons issued by said district, and prayed judgment thereon for the sum of $11,790 and accrued interest. The complaint alleged the incorporation of the irrigation district, the issuance of the bonds and coupons, and the title of the plaintiff to them, and prayed for judgment for $11,790 and interest. No other relief was demanded. Defendant's answer put in issue all the allegations of the complaint touching the issuance and ownership of the bonds and coupons aforesaid, denied that it was an irrigation district either incorporated or organized under the act approved March 7, 1887, or any act of the legislature, but alleged that since on or about September 22, 1888, it has acted as a corporation, claiming to have been organized under said act, and doing business as a corporation thereunder; and by denial and allegation put in issue the regularity, legality, and validity of the said bonds and coupons, and of their issuance and sale.

Appellant, Augustine V. Russell, filed a complaint in intervention, and after putting in issue the allegation of the complaint as to the validity of the bonds and the right of plaintiff to recover thereon, further alleged that she was the owner of the southeast quarter of section 6 of township 26 south, range 27 east, M. D. B. and M.; that said land lies within the exterior boundaries of said Poso Irrigation District; that said district was organized September 22, 1888; that her said land was then public land of the United States; that John L. Russell filed his application to homestead said land under the land laws of the United States on February 6, 1892; that a patent therefor was issued to him on January 18, 1894; and that in November, 1896, said Russell conveyed the same to her, and that she is now the owner thereof. The court found the foregoing facts as alleged by the intervener, and that at the time of the survey fixing the boundaries of said district, defendant knew that said land was public land of the United States, that "notwithstanding such knowledge the defendant

wrongfully and unlawfully included the same in said district, and ever since and now claims the same to be subject to its jurisdiction and control, as far as such control may be granted to it under said act of March 7, 1887, and the acts amendatory and supplementary thereto."

The court further found: "That the defendant district under and by virtue of the authority claimed to have vested in it under the several acts of the legislature above stated, issued bonds which are to be paid by revenues derived by taxes in the manner prescribed by said act of 1887, and that the assessment, when levied to obtain such revenues, becomes a lien upon all the real property within said district, including the land of the intervener hereinbefore described."

As conclusions of law the court found that plaintiff is entitled to judgment for the amount demanded by it; that the real property of intervener is not subject to the lien of the judgment in favor of the plaintiff, because the same was government property at the time the district was formed and the bonds issued.

Judgment was entered for the plaintiff for $12,626.96; and it was by the judgment further decreed "that the said judgment is a lien upon all the real property situated in Poso Irrigation District, save and except" the intervener's said land.

This appeal is taken by the intervener from the judgment upon the judgment-roll alone, and is submitted upon the briefs of the intervener and plaintiff. The defendant is silent. Appellant discusses many questions relating to the regularity of the issue of the bonds and their validity, and also contends that if the validity of the bonds and the validity of the organization of the defendant, the Poso Irrigation District, be conceded, that her land is not liable for their payment, for the reason that at the time the district was formed and the bonds issued her said land was public land of the United States.

Assuming the regularity and validity of the organization of the district and the issuance of the bonds, except as to the land now owned by the intervener, and hereinbefore described, the question is presented, whether her said land is liable, by assessment under the act of the legislature, or in any manner, for the payment of the bonds held by the plaintiff. I think it is not.

The intervener's land was not represented in the organization of the district by any person authorized to vote for or against its organization. If the act of the legislature under which the district was organized had expressly declared that public lands of the United States, situated within the exterior boundaries of an irrigation district should be a part thereof and assessed for its proportion of the liabilities of the district, no one would hesitate to say that such provision would be void; that neither the state nor any of its agencies could impose a tax, assessment, or liability upon the public lands of the United States. It is clear, therefore, that so long as the said land, now owned by the intervener, remained public land of the United States, no liability created by the state or district attached thereto.

The further question then arises, Did the sale and conveyance by the United States to the intervener or her grantor, operate to charge it with a pre-existing liability not created or assented to either by the government or its grantee? This question must also be answered in the negative, for if the grantee of the United States must take the land burdened with the liability of an irrigation district made to include it without the assent of the government or the purchaser, it attaches a condition to the disposal of the property of the government without its sanction or consent, and which must, in such cases, interfere with its disposal.

In respondent's brief it is said that the intervener attempts to inject the question whether or not the district has control over her because of the fact that her land was public land when the district was formed; and concludes that it is a controversy in which she has no interest. Counsel also say that "as the bonds in question were declared not to be a lien upon the land of the intervener, she has no interest in having the bonds declared invalid." But the court did not hold that the "bonds" were not enforceable against her land, but did hold that they were to be paid by revenues derived by taxes assessed upon all the real estate within said district, "including the land of the intervener."

The exception stated in the judgment is not an exemption of the intervener from a liability to be enforced by an assessment, but simply from the lien of the *judgment* rendered in

favor of the plaintiff; and hence, if her land is not charged with any liability contracted or incurred by the district, as the findings conclusively show, she is entitled to a judgment relieving her land from an asserted liability and removing a cloud that would otherwise affect its value.

The intervention was entirely proper. Her property would be protected either by defeating the plaintiff's cause of action, or by sustaining her contention that her property was exempt from assessment for the payment of the liabilities of the district. She was not bound to rely upon one ground of defense. Our conclusion as to the non-liability of her land makes it unnecessary to consider other questions discussed in the briefs. The statement in the last finding of fact to the effect that an assessment when levied to obtain a revenue for the payment of a liability of the district becomes a lien upon the said land of the intervener is an erroneous conclusion of law drawn from the findings of fact relating thereto.

I advise that the judgment appealed from be modified to the effect that appellant's said land is not a part of the Poso Irrigation District, is not subject to any lien of said judgment in favor of the plaintiff, nor to any assessment for the payment thereof, or of any debt or liability of the said Poso Irrigation District, and as thus modified that the judgment be affirmed, and that appellant recover her costs.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion it is ordered that the judgment appealed from be modified to the effect that appellant's said land is not a part of the Poso Irrigation District, is not subject to any lien of said judgment in favor of the plaintiff, nor to any assessment for the payment thereof, or of any debt or liability of the said Poso Irrigation District, and as thus modified that the judgment is affirmed, and that appellant recover her costs.

Henshaw, J., McFarland, J., Lorigan, J.