(June 28, 1910.)

## GEM IRRIGATION DISTRICT, Respondent, v. J. WALTER JOHNSON, Appellant.

[109 Pac. 845.]

QUALIFICATION OF PETITIONERS FOR ORGANIZATION OF IRRIGATION DISTRICT—HOLDERS OF ENTRYMEN'S RECEIPTS FROM STATE OR GENERAL GOVERNMENT.

(Syllabus by the court.)

1. "The holders of title or evidence of title" or entrymen "on lands under any law of the United States or of this state," who have received receipts or other evidence of their rights as such entrymen, are competent and proper persons to sign a petition for the organization of an irrigation district under the provisions of sec. 2372, Rev. Codes, and such petitioners may be counted in computing the requisite number of signers or holders of title or evidence of title to lands susceptible of irrigation under a common system of irrigation.

APPEAL from the District Court of the Seventh Judicial District, in and for the County of Owyhee. Hon. Ed. L. Bryan, Judge.

Action by the Gem Irrigation District for confirmation of the proceedings organizing the district.   Judgment for the plaintiff and defendant appeals.   *Affirmed.*

Smith & Scatterday, for Appellant, cite no authorities.

Rice, Thompson & Buckner, for Respondent.

The statutes expressly authorize the signatures of entrymen so far as making up the number required is concerned.   Therefore, whatever is the interpretation of sec. 2372, Rev. Codes, this petition is sufficient, and gave the county commissioners jurisdiction to act.   (See *Nevada Nat. Bank v. Poso Irr. Dist.,* 140 Cal. 344, 73 Pac. 1056.)

AILSHIE, J.—This is an appeal from the judgment and order of the district court decreeing and confirming the organization of the Gem Irrigation District.   This district was organized under the provisions of sec. 2372 of the Rev. Codes. That section provides as follows:

"Whenever fifty, or a majority, of the holders of title, or evidence of title, to lands susceptible of one mode of irrigation from a common source and by the same system of works, desire to provide for the irrigation of the same, or when for other reasons they desire to organize the proposed territory into one district, they may propose the organization of an irrigation district under this title:   *Provided,* said holders of title or evidence of title shall hold such title or evidence of title to at least one-fourth part of the total area of the land in the proposed district, which will be assessable for the purposes of the district.   The equalized county assessment-roll next preceding the presentation of a petition for the organization of an irrigation district shall be sufficient evidence of title for the purpose of this title, but other evidence may be received, including receipts or other evidence of the rights of entrymen on lands under any law of the United States or of this state, and such entrymen shall be competent signers of such petition, and the lands on which they have made such entries shall, for

the purposes of said petition, be considered as owned by them.''

The only question that is argued or presented on this appeal is whether or not the expression ''the lands in the proposed district which will be assessable for the purposes of the district'' has reference to lands to which the owners or occupants hold title and lands the title to which has passed from the state or the general government, or whether this relates to and is satisfied by the latter part of the proviso to the section, which says, ''but other evidence may be received, including receipts or other evidence of the rights of entrymen on lands under any law of the United States or of this state.'' We do not think there is any room for doubt as to what the legislature meant by the provisions of the last sentence of this proviso to sec. 2372. The concluding part of the sentence itself is clear and explicit. It says, ''and such entrymen [referring to the holders of the receipts from the state or the general government] shall be competent signers of such petition, and the lands on which they have made such entries shall, for the purposes of said petition, be considered as owned by them.'' This measures the qualifications of a signer of such petition and the conditions under which he may sign and be counted as one of the number and one whose lands will constitute the required amount to be represented by such petition. The condition is that he shall hold an entryman's receipt, either from the state or the general government, for the lands claimed by him and which he seeks to have included in the district and subject to assessment for the purposes of an irrigation district.

It is equally clear that irrigation bonds issued against such lands would be valid and binding to the extent at least of the title, interest or claim of such entryman in and to such lands, whether acquired by him from the state or the general government. As to what liability the bonds would impose upon such lands beyond and in excess of the interest acquired or held by the entryman is another question, and one that

does not concern us in this case.   (See *Nev. Nat. Bank v. Poso Irr. Dist.,* 140 Cal. 344, 73 Pac. 1056.)

The judgment of the district court should be affirmed, and it is so ordered.   Costs awarded in favor of respondent.

Sullivan, C. J., concurs.

---

* (Jan. 15, 1910.)