## South Brownsville Borough v. The United States.

*Taxation — Local taxation — Real estate owned by the United States — Municipal claims for paving—Act of March 17, 1905.*

1. Real estate, the title to which is in the United States, is not subject to taxation for State and local purposes.

2. Municipal claims, filed against abutting real estate, for paving and curbing, are within the principle, as they are a species of tax.

3. The failure of the United States to comply with the Act of March 17, 1905, P. L. 45, does not affect the application of the principle.

Municipal lien.  C. P. Fayette Co., Dec. T., 1923, No. 515.

*Cottom & Cottom,* for plaintiff.

*Walter Lyon,* U. S. Attorney, and *Arnold M. Replogle,* Assistant U. S. Attorney, for defendant.

VAN SWEARINGEN, P. J., Oct. 14, 1924. — The United States Government owns certain real estate situate on Water Street, in the Borough of South Brownsville, which property is used for maintaining locks on the Monongahela River, for housing employees and for other Government purposes. About the year 1922 the Borough of South Brownsville, in pursuance of ordinance, caused to be paved and curbed portions of Water Street in front of said property and assessed two-thirds of the cost thereof by what is known as the "foot-front rule" on the abutting real estate. The assessment thus made against said property of the defendant amounted to $752.66. The defendant having failed to pay said assessment, a municipal lien or claim was filed against the property and a *scire facias* thereon was issued. An affidavit of defence in the nature of a demurrer was filed, wherein it is contended that the assessment, lien and all proceedings thereon are null and void, for the reason that real estate of the United States is not subject to such assessment or taxation. Counsel for the plaintiff admit that this would be true had it not Leen that the defendant failed to comply with the statute of Pennsylvania of March 17, 1905, P. L. 45, whereby the property of the United States is exempted from taxation by the local municipality, provided the United States file with the Secretary of the Commonwealth of Pennsylvania, at Harrisburg, an accurate description of its said property, ceding the concurrent jurisdiction of Pennsylvania over such pieces or parcels of land, not exceeding ten acres, to the United States of America, as therein provided, which, it is conceded, was not done.

But counsel for the United States Government contend that the principle of law that no state can tax property of the United States is a principle of Federal law independent of any state law or statute, and, therefore, that the United States Government is not bound to comply with the Pennsylvania statute to obtain exemption of the above property from taxation. The law is that, in dealing with the taxation of real estate belonging to the United States, the decisions of the Federal courts are final and conclusive in all jurisdictions: Mint Realty Co. *v.* Philadelphia, 218 Pa. 104. Even in the courts of the several states, the decided and increasing preponderance of authority is in favor of the absolute exemption of all property of the United States from state taxation. The legislatures of most of the states have affirmed the same principle by inserting in their general tax acts an exemption of property belonging to the United States. Such a provision is not the foundation of the exemption, but is inserted only from abundant caution: Van Brocklin *v.* State of Tennessee, 117 U. S. 151.

The general rule is that real estate, the title to which is in the United States, is not subject to taxation for state and local purposes. The rule which denies the right of a state or municipality to tax the property of the United States is founded on the principle which inheres in every independent government, that it must be free from any such interference of another government as may tend to destroy its powers or impair their efficiency: Wisconsin Central R. R. Co. v. Price County, 133 U. S. 496. The power to tax implies the power to divest the title by a tax sale when there is default in the payment of the taxes. Hence, the Federal Government has most carefully guarded its property from the vigilance of the local tax gatherer: Mint Realty Co. v. Philadelphia, 218 Pa. 104.

An assessment for public improvements is a tax, and as such cannot be imposed by state authorities upon Government property. Statutes imposing assessments for local improvements are enacted in the exercise of the taxing power of the legislature, and, notwithstanding the generality of the enumeration of the property affected, do not apply or relate to property held or used for public purposes or any of its political sub-divisions: Pittsburgh v. Sterrett Sub-district School, 204 Pa. 635. By the great weight of authority, a local assessment levied in return for benefits conferred upon the property assessed by the improvement for which the assessment is levied is a kind of tax. The power to levy local assessments is said to be essentially a power to tax. The power to levy a local assessment is distinguishable from our general idea of a tax, but owes its origin to the same source or power. This proposition means primarily that an assessment is an enforced contribution for a public object: Taxation by Assessment, by William Herbert Page and Paul Jones, vol. 1, page 415, par. 8: Assessment for Benefits a Form of Taxation. The same authority, vol. 1, page 954, par. 579, says: "The United States cannot be sued without its own consent, and no personal liability can, therefore, be enforced against it. Its land cannot be taken away from it by process issued by state courts, and, therefore, no lien for local assessments can be enforced against it. The action of the United States officials cannot be controlled by the state courts by writ of mandamus. For these reasons, property owned by the United States is not subject to local assessments."

In Fagan v. City of Chicago, 84 Ill. 227, it was said: "Nor under our system of government can the states tax the general government, its agents or property, nor can the general government tax the states, their agents or property." A municipal corporation has no power to assess or exact from the state or the general government any sum for benefits conferred. The power to levy taxes or impose assessments for benefits can only be exercised on the governed and not on the governing power, whether state or Federal. See McCulloch v. Maryland, 4 Wheat. 316; Osborn v. Bank of the United States, 9 Wheat. 738. In these cases it was held that states have no power to tax the instrumentalities of the general government engaged in the performance of its proper functions. And reference may be had also to Chicago, Rock Island & Pacific R. R. Co. v. City of Davenport, 51 Iowa, 451; Nevada National Bank, San Francisco, v. Poso Irrigation District, 140 Cal. 344; People v. Austin, Tax Collector, 47 Cal. 353; Bank Tax Case, 2 Wallace, 200. Public lands within the limits of a state, but belonging to the United States and held for the purposes of sale and distribution, are not taxable by the state: 26 Ruling Case Law, § 73, page 97.

The Government's counsel in this matter put it this way: The State of Pennsylvania and its subsidiaries, including the Borough of South Brownsville, cannot impose a tax upon the property of the United States Govern-

ment. This proposition is fully established as the law of the United States. It is based on the reasoning that the United States is a sovereign power, just as a state is sovereign within its own limits; that the property of the United States cannot be burdened by any tax or duty imposed by a state, just as the property and instrumentalities of a state cannot be taxed by the United States. The power to tax means the power to take property for the satisfaction and payment of the tax. The power to tax can be extended to any limits, even to the taking of all property or the destruction of any instrumentality, and so the courts have always drawn a very sharp line of distinction between the property and instrumentalities of the Federal Government and the property and instrumentalities of the several state governments to protect the one from the other.

And now, Oct. 14, 1924, the affidavit of defence is held to be sufficient, the demurrer is sustained and judgment is entered for the defendant.

From Luke H. Frasher, Uniontown, Pa.