[Civ. No. 205.   Fourth Appellate District.—March 4, 1930.]

HARRIE WINDER BISHOP, Appellant, v. C. HUGHES JORDAN, Respondent.

Ray W. Hays for Appellant.

Brown & Bissell and Brown, Bissell & Berry for Respondent.

MARKS, J.—Appellant brought this action to quiet his title to land in Kern County. Respondent appeared by answer and cross-complaint and denied appellant's title, and asserted title in himself. Judgment was rendered quieting title to the property in respondent.

About September 7, 1887, appellant filed his application with the United States Land Office at Visalia, California, to homestead the land involved, under the laws of the

United States. The land was then part of the public domain belonging to the federal government. Appellant commenced to reside on the property in March, 1888, and continued to so reside thereon until after November 17, 1894, when his patent was issued to him.

On September 22, 1888, the Poso Irrigation District was formed under what is commonly known as the "Wright Act" (Stats. 1887, p. 29) and continued to exist as a legal entity until March 1, 1923, when it was dissolved by a decree of court. The property involved in this action was located within the exterior boundaries of this district. No question is raised as to the legality of the organization and existence of the district up to the date of its disincorporation. Some time prior to September 10, 1889, the district took the necessary steps to issue bonds with which to raise money to carry out the purpose of its organization. On the last-named date, the bonds were confirmed and approved by a decree of court.

On March 20, 1918, the board of supervisors of Kern County levied an assessment on all the real property in the district for the purpose of making payments on the outstanding bonds and an assessment of $159.18 was placed upon the property involved herein. The assessment was not paid, and the property was sold to satisfy the same, and a certificate of sale issued to W. J. Williams and J. W. Deyoe, who assigned their interests therein and thereunder to Byron R. Marsh on July 25, 1922. On June 26, 1925, a deed was made to the property by the treasurer of Kern County, to Marsh, who with his wife, deeded it to respondent on August 4, 1925. It does not appear that respondent, or any of his predecessors in interest subsequent to the tax sale, were ever in possession of any portion of the property. Appellant commenced this action to quiet his title to the property on May 19, 1926. At the trial appellant tendered to respondent all money expended by him in paying the assessment, his expenses and interest, which tender was refused.

The main question to be decided in this case is whether or not the land involved, being a part of the public domain of the United States of America, at the time of the formation of the Poso Irrigation District, the issuance of its bonds, the proceedings to affirm and confirm the organiza-

tion of the district and its bonds, was included within the district in so far as its power to tax the property is concerned. We believe that this question must be resolved in favor of appellant.

■ The act admitting the state of California into the Union (1 Hittell, art. 242) contains the following provision:

"That the said State of California is admitted into the Union upon the express condition that the people of said State, through their Legislature, or otherwise, Shall never interfere with the primary disposal of the lands within its limits, and shall pass no law and do no act whereby the title of the United States shall be impaired or questioned; and they shall never levy any tax or assessment of any description whatever, upon the public domain of the United States."

Our courts have construed the law to permit the taxation of property by the state of California, or its agencies, when a private person had a perfect equity therein, with only the dry legal title remaining in the United States, but not otherwise. (*Central Pac. R. R. Co.* v. *Howard*, 52 Cal. 227; *Hibernia Sav. & Loan Soc.* v. *San Francisco*, 139 Cal. 205 [96 Am. St. Rep. 100, 5 L. R. A. (N. S.) 608, 72 Pac. 920].)

■ The Homestead Act in force at the time appellant filed his entry upon the land (8 Fed. Stats. Ann., 2d ed., p. 558) provided in part as follows: "No certificate, however, shall be given, or patent issued therefor, until the expiration of five years from the date of such entry; and if at the expiration of such time, or at any time within two years thereafter, the person making such entry; or if he be dead, his widow, or in case of her death, his heirs or devisee; or in case of a widow making such entry her heirs or devisee; in case of her death, proves by two credible witnesses that he, she or they have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing affidavit and makes affidavit that no part of such land has been alienated, except as provided in Section twenty-two hundred and twenty-eight, and that he, she, or they will bear true allegiance to the Government of the United States; then, in such case, he, she or they, if at that time citizens of the United States, shall be entitled to a patent as in other cases provided by law."

This act has been construed to give the entryman no title by virtue of his entry, but merely the right of possession which might be perfected into a title by his continued occupancy and improvement of the land (*Flint etc. R. R. Co.* v. *Gordon*, 41 Mich. 420 [2 N. W. 648]). The right of possession which he acquired by the entry, in so far as the United States is concerned, is inchoate and conditional upon his performing the conditions imposed by law, and is not perfected until he has performed all of such conditions. (*Norton* v. *Evans*, 82 Fed. 804; *Shiver* v. *United States*, 159 U. S. 491 [40 L. Ed. 231, 16 Sup. Ct. Rep. 54, see, also, Rose's U. S. Notes].)

The same question presented in the case before us was decided in the case of *Nevada Nat. Bank* v. *Poso Irr. Dist.*, 140 Cal. 344 [73 Pac. 1056, 1057]. In that case the Supreme Court held:

"Appellant, Augustine V. Russell, filed a complaint in intervention, and after putting in issue the allegation of the complaint as to the validity of the bonds and the right of plaintiff to recover thereon, further alleged that she was the owner of the southeast quarter of section 6 of township 26 south, range 27 east, M. D. B. and M.; that said land lies within the exterior boundaries of said Poso Irrigation District; that said district was organized September 22, 1888; that her said land was then public land of the United States; that John L. Russell filed his application to homestead said land under the land laws of the United States on February 6, 1892; that a patent therefor was issued to him on January 18, 1894; and that in November, 1896, said Russell conveyed the same to her, and that she is now the owner thereof. . . . Assuming the regularity and validity of the organization of the district and the issuance of the bonds, except as to the land now owned by the intervener, and hereinbefore described, the question is presented, whether her said land is liable, by assessment under the act of the legislature, or in any manner, for the payment of the bonds held by plaintiff. I think it is not. The intervener's land was not represented in the organization of the district by any person authorized to vote for or against its organization. If the act of the legislature under which the district was organized had expressly declared that public lands of the United States, situated within the exterior boundaries of an irrigation dis-

trict should be a part thereof and assessed for its proportion of the liabilities of the district, no one would hesitate to say that such provision would be void; that neither the state nor any of its agencies could impose a tax, assessment or liability upon the public lands of the United States. It is clear, therefore, that so long as the said land, now owned by the intervener, remained public land of the United States, no liability created by the state or district attached thereto. The further question then arises, Did the sale and conveyance by the United States to the intervener or her grantor, operate to charge it with a pre-existing liability not created or assented to either by the government or its grantee? This question must also be answered in the negative, for if the grantee of the United States must take the land burdened with the liability of an irrigation district made to include it without the assent of the government or the purchaser, it attaches a condition to the disposal of the property of the government without its sanction or consent, and which must, in such cases, interfere with its disposal."

■ Respondent tries to distinguish this case from the one at bar for the reason that in May, 1894, appellant, with many property owners in the district signed an instrument in the nature of a ratification of a declaration of trust in which respondent argues that there appeared a consent of the grantee of the government (appellant) to the burden of the liability resulting from the bonds issued by the district, being placed upon the property. The last sentence of the instrument is as follows:

"It is understood that by this instrument we obligate ourselves to comply with the said irrigation laws, known as the 'Wright Act' by the payment of the taxes or assessments levied thereunder and that we do not hereby assume any greater obligation or liability than such as are imposed by said laws, assuming them to be valid."

If, as said in the case of *Nevada Nat. Bank* v. *Poso Irr. Dist., supra,* appellant's "land is not a part of the Poso Irrigation District, is not subject to any lien of said judgment in favor of the plaintiff (the bondholder), nor to any assessment for the payment thereof, or of any debt or liability of the said Poso Irrigation District," there existed no obligation, or liability imposed by law upon appellant, to

pay any tax or assessment on the government land described in his entry, at the time of the execution of the foregoing instrument, then he did not give his consent to the inclusion of this property within the district for the purpose of assessment or taxation.

Respondent contends that by signing this instrument appellant ratified the inclusion of the lands here involved within the district, and waived his right to object to their being so included. In view of the last sentence quoted above, the document cannot be so construed. Neither can he be estopped by the instrument to assert that the lands were not included within the district for the purpose of assessment and taxation. ██ Attention might be called to the fact that the document only described a portion of the lands here involved and also that estoppel is defense that must be pleaded by one relying upon it. (10 Cal. Jur. 653.) Respondent failed to plead this defense. Nor can we agree with respondent that the record before us shows that appellant was guilty of any laches. Laches is also an affirmative defense which respondent failed to plead. (*Trail v. Firth,* 186 Cal. 68 [198 Pac. 1033].)

██ Appellant by his suit, is not making a collateral attack upon the organization of the Poso Irrigation District. He is merely relying upon the rule that government land cannot be considered as included within the district for the purposes of taxation or assessment. Because his land escapes such a burden as a result of this action will furnish no precedent for a like decision in favor of any other owner of property within the district unless the land of such other owner was also government property. ██ For the same reason the judgment of court holding the district legally organized, and the bonds lawfully issued, does not make the doctrine of *"res judicata"* apply here.

Judgment reversed.

Sloane, P. J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 31, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 28, 1930.