(No. 6122.   November 22, 1935.)

MINNIE B. FLORER and CHARLES SHEEHAN, Respondents, v. WOOD RIVER VALLEY IRRIGATION DISTRICT, Appellant.

[51 Pac. (2d) 700.]

W. A. Brodhead, for Appellant.

A. F. James, for Respondents.

MORGAN, J.—In 1913 and 1914 respondents, severally, contracted with the state to purchase tracts of school land theretofore granted to it by act of congress approved July 3, 1890. (26 Stat. L. 215, chap. 656.) There was issued to them, by the state, certificates of sale of said lands which provided for payment of one-tenth of the purchase price in cash and the balance in 18 annual installments. It was recited in the certificates that deeds conveying to the purchasers fee

simple title would be executed and delivered to them upon payment being made as specified, but in case of failure to do so the certificates would become null and void and the rights and interests of the purchasers, in and to the lands, would be declared forfeited.

Respondents each paid one-tenth of the purchase price and some of the installments, but defaulted in the payment of others and the state granted extensions of time in which to pay. Title to the lands remains in the state, subject to respondents' rights to complete their purchases by paying the unpaid installments, which rights are subject to forfeiture if they fail to do so.

The irrigation district was organized in 1915 and the lands which respondents had contracted to purchase were included therein. The district made a bond issue in 1915 and another in 1918 and the bonds were sold to provide money to be used, and it was used, in the construction of its canal system. When the bond issues were authorized the benefits therefrom to the tracts of land embraced within the district were determined and assessed, and all proceedings with respect thereto were approved and confirmed by decrees of the district court.

Appellant owns no water right and was organized and exists for the purpose of delivering water appurtenant to the lands of its members through its canal system. Water has never been delivered by appellant to the lands of respondents, but these lands have received water appurtenant thereto through a canal which is not a part of its system. Appellant has not constructed laterals by means of which water can be conducted from its system to respondents' lands, but at all times has been, and now is, ready, willing and able to do so if and when they furnish the water to be so conducted.

During a number of years respondents paid assessments levied by appellant against the lands described in their certificates to raise money for the payment of interest on the bonded indebtedness. Thereafter they failed and refused to pay such assessments and appellant caused deeds to said lands to be issued to it, and claims to be the owner thereof.

The parties agreed respondents' causes of action might be combined in one suit to quiet their titles. Appellant answered and cross-complained praying that its title be quieted. The trial resulted in a decree for plaintiffs, and defendant appealed.

When the district was organized and when the bond issue of 1915 was made, Idaho Revised Codes, sec. 2439 was in force. It prohibited the assessment of state lands included in irrigation districts, and provided that the sections of the statute relative to levying and collecting assessments and taxes for such districts should not apply to such lands, but that the state board of land commissioners and the state engineer should make examination as to benefits to accrue thereto by reason of the formation of the irrigation district within which such lands were included and by reason of acquiring water rights therefor, and empowered the state board of land commissioners to enter into a contract with the board of directors of such irrigation district fixing the amount of benefit to accrue to each piece of land, and providing that annual payments be made out of the general fund to the board of directors to be applied on the cost of constructing the irrigation works until the full amount of such benefit was paid. It was also therein provided that the county recorder of every county in which certificates of sale of state lands for irrigation district taxes had theretofore been filed or recorded should cancel the same upon the records. Provision was made in the statute for charging the benefits accrued to the land against it and for repayment to the state, when the lands, ditches and water rights appurtenant thereto were sold, of moneys advanced by it for the payment of assessments levied by the irrigation district board. It does not appear that any effort was made to conform to that section of the statute.

■■ That section was amended in 1917 and, when the bond issue of 1918 was made, what is now I. C. A., sec. 42–723 was the law governing the subject here under consideration. It is as follows:

"No state lands included within any legally organized irrigation district shall ever be assessed, nor shall any of the preceding sections relative to the levying and collecting of assessments and taxes apply. The county recorder of every county in which certificates of sale of any state lands for irrigation district taxes have heretofore been filed or recorded shall cancel the same upon the records of said counties."

Appellant contends the decree confirming the proceedings whereby the irrigation district was created and its bond issues were approved is *res judicata,* and binding and conclusive on respondents, as to the validity of the lien of the bonds upon the lands described in their contracts with the state and the assessments levied thereon to pay interest on the bonded indebtedness; also that respondents are estopped from questioning the legality of the assessments by paying part of them and in failing to contest the creation of the district or bond issues.

These contentions cannot be sustained. It was said in *Gem Irr. District v. Gallet,* 43 Ida. 519, 253 Pac. 128:

"An irrigation district has no lien on lands the title to which is in the state. The existence of such a lien is expressly prohibited."

*Bishop v. Jordan,* 104 Cal. App. 319, 285 Pac. 1096, was a suit to quiet title to land which had been sold to satisfy a delinquent irrigation district assessment. Plaintiff held a United States patent to the land which had been issued to him pursuant to the homestead laws, and defendant claimed to be the owner by virtue of a sale thereof to satisfy delinquent irrigation district assessments levied at a time when title was in the United States and the land was exempt from assessment. The question in that case, as in this, was as to the validity of the irrigation district assessment and there, as here, the litigant whose claim of ownership was based on a deed arising out of a delinquent irrigation district assessment sought to invoke estoppel and *res judicata.* The court held the government patentee was not estopped to contest the validity of the assessment. This is undoubtedly correct.

The statutory prohibition against taxing state lands for irrigation district purposes is for the benefit of the state and its institutions in behalf of which grants of land have been made to it by the United States and not for the benefit of prospective purchasers. The conduct of such purchasers, prior to the completion of their contracts, cannot, by estoppel or otherwise, render the lands subject to taxation, in violation of the statute prohibiting it.

With respect to the defense of *res judicata* the following appears in the eighth section of the syllabus to the California case last above cited:

"Judgment of court confirming organization of irrigation district and approving issue of bonds was not *res judicata* of question whether federal land could lawfully be included within such district for purposes of assessment."

In the body of the opinion it is pointed out that the suit to quiet title is not a collateral attack on the organization of the irrigation district and that the judgment that the district was legally organized and its bonds were lawfully issued was not *res judicata* of the questions presented in the suit to quiet title. (See, also, *Nevada Nat. Bank v. Poso Irr. District*, 140 Cal. 344, 73 Pac. 1056, and *Lee v. Osceola & Little River Road Improvement District*, 268 U. S. 643, 45 Sup. Ct. 620, 69 L. ed. 1133.)

Title to the lands in controversy will remain in the state until the contracts looking to their purchase have been fully complied with, and they are and, until the purchase is completed by payments in full, will continue to be state lands within the meaning of I. C. A., sec. 42–723, which prohibits the levy thereon of assessments for irrigation district purposes.

The judgment appealed from is affirmed. Costs are awarded to respondents.

Givens, C. J., and Budge, Holden and Ailshie, JJ., concur.