[L. A. No. 6434.  Department One.—June 6, 1921.]

JOHN W. TRAIL et al., Appellants, v. EMIL FIRTH et al., Respondents.

[1] VENDOR AND VENDEE—FRAUD—INSUFFICIENT WATER SUPPLY—PROMISES UPON DISCOVERY—DAMAGES—STATUTE OF LIMITATIONS.—Where vendees upon the discovery of the falsity of representations made concerning the sufficiency of water obtainable to irrigate the purchased land complained to the vendors, and the latter promised and agreed to furnish the water the next year, and each year thereafter the same insufficiency developed and the same complaint was made and the same promise given, such facts were wholly insufficient to extend the period of limitation on a cause of action for damages for deceit by reason of the original representations.

[2] LACHES—STATUTE OF LIMITATIONS—DIFFERENCE BETWEEN DEFENSES.—Laches is a defense which may be interposed to a suit in equity, whereby the plaintiff will be refused equitable relief because of his delay in bringing his suit, although the suit is commenced within the statutory period of limitation, and an action not brought within the statutory period is barred, unless the case falls within some exception which the statute itself makes, or because of waiver or estoppel it is not open to the defendant to make the defense.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellants.

Sheldon Borden and George H. Moore for Respondents.

OLNEY, J.—This is an appeal from a judgment for the defendants in an action to recover damages for alleged fraudulent representations made by the defendants to the plaintiffs. With other defenses which need not be stated, the defendants interposed that of the statute of limitations. If the complaint shows on its face a barred cause of action, the judgment for the defendants must necessarily be sustained. That it does show a barred cause of action is beyond reasonable question.

The alleged misrepresentations were made, according to the complaint, in 1913 as the inducement for the plaintiffs to purchase certain land from the defendants, and consisted in representations that sufficient water was obtainable to irrigate the land. It is also alleged that the purchase was made and that the plaintiffs went into possession, prepared the land for irrigation, and then in 1914 found that the water was not obtainable. Of necessity, the falsity of the representations was then discovered. That such discovery was then made is in fact conceded. The present action was not brought until 1919, five years later, while the period of limitation prescribed by the statute for actions for fraud is three years from the discovery of the fraud. (Code Civ. Proc., sec. 338, subd. 4.)

[1] To escape from the situation so presented, the plaintiffs rely upon certain further allegations of the complaint to the effect that upon failing to obtain sufficient water in 1914, the plaintiffs complained to the defendants, and the latter promised and agreed to furnish the water the next year, and that each year thereafter the same insufficiency of water developed, the same complaint was made, and the same promise given. But these facts, if they existed, were wholly insufficient to extend the period of limitation on a cause of action for damages for deceit by reason of the original representations. They are neither a waiver of the statute nor would they estop the defendants from setting up the defense of the statute, and, unless there was either a waiver or an estoppel, it was open to the defendants to make the defense.

[2] The plaintiffs rely in support of their position upon authorities holding that facts such as those under discussion negative the defense of laches. But there is a most decided difference between the defense of laches and that of the statute of limitations. Laches is a defense which may be interposed to a suit in equity, whereby the plaintiff will be refused equitable relief because of his delay in bringing his suit, although the suit is commenced *within* the statutory period of limitation. But it would, indeed, be somewhat remarkable that the absence of this defense—for laches is a matter of defense—should have the affirmative effect of extending the period which a statute prescribes for the bringing of the action. Laches or no laches, an action not

brought within the statutory period is barred, unless the case falls within some exception which the statute itself makes, or because of waiver or estoppel it is not open to the defendant to make the defense. The present action was not brought within the statutory period, it does not come within any exception provided by the statute, it was open to the defendants to make the defense, and they made it. The judgment in their favor was, therefore, correct.

We would add that while we have discussed the case upon the sufficiency of the allegations of the complaint, the case is not one of insufficiencies in a complaint which are not found in the evidence. The evidence, or rather the evidence plus the facts which plaintiffs' counsel offered to prove, went no further than the allegations of the complaint.

Judgment affirmed.

Shaw, J., and Lawlor, J., concurred.