[S. F. No. 12003. Department Two.—November 26, 1928.]

AUGUSTUS H. RANKIN, Plaintiff and Appellant v. JOSEPH DeBARE, Defendant and Appellant.

James T. O'Keefe, and John Ralph Wilson for Plaintiff and Appellant.

Joseph F. O'Malley and Albert Picard for Defendant and Appellant.

SHENK, J.—On January 5, 1923, when this action was commenced, the plaintiff was the owner of lot 15, block 1, Hillcrest, in Daly City, San Mateo County. At the same time the defendant was the owner of the adjoining lot 16. In 1914 a two-story building was constructed on the defendant's lot. Subsequently and prior to May 1, 1917, this building was reconstructed and added to on the side of and adjoining the plaintiff's property. In 1918 the plaintiff purchased lot 15, which was improved with a one-story building. On November 27, 1922, the plaintiff served upon the defendant a notice that the latter's building was encroaching upon the plaintiff's property to the extent of an inch and one-half, or thereabouts, to the damage of the plaintiff, and demanded a removal of defendant's building to the extent of such encroachment within ten days. Upon a refusal of the defendant to comply with the notice and demand, this action was brought for damages and for restitution. The defendant answered, denying the encroachment, and by cross-complaint sought to quiet his title to the northeasterly three inches of lot 15. The court found against the defendant on his cross-complaint and entered judgment in favor of the plaintiff for the sum of $350 as damages. From this judgment cross-appeals have been taken. The court further found that "the defendant constructed a large building on lot 16, and a portion of said building is and ever since May 1, 1917, has been on said plaintiff's lot 15."

The principal contention made by the plaintiff on his appeal is that the judgment is inconsistent with and in conflict with the findings, in that no provision is made in the judgment for restitution to the plaintiff of that part of his lot which is occupied by the defendant's building and does not compensate the plaintiff for future damages. The defendant, in support of his appeal, contends that the judgment is excessive, and that the plaintiff's cause of action is barred by subdivision 2 of section 338 of the Code of Civil Procedure, which prescribes a period of three years for the commencement of an action for trespass upon or injury to real property.

■ Considering the defendant's appeal first, it is beyond dispute that the defendant's building rested on plaintiff's lot to the extent of an inch or two along the boundary line between the two lots. There is no merit in the contention that the defendant's occupancy has been of such character as to vest in him title by adverse possession, but the contention that the plaintiff's cause of action is barred must be sustained. ■ The record shows that the injury or trespass is permanent in character. Where the injury or trespass is of a permanent nature, all damages, past and prospective, are recoverable in one action, and the entire cause of action accrues when the injury is suffered or the trespass committed. (*Williams* v. *Southern Pacific R. R. Co.*, 150 Cal. 624 [89 Pac. 599] ; *Kafka* v. *Bozio,* 191 Cal. 746 [29 A. L. R. 833, 218 Pac. 753].) The trespass was committed, according to the evidence and findings, on or about May 1, 1917. Three years expired on May 1, 1920, and as this action was not commenced until January 5, 1923, the cause of action was barred. Further, in view of the plaintiff's long delay in asserting his rights, the case is not one for a mandatory injunction to compel the defendant to remove his building from the said portion of plaintiff's land (see *Rothaermel* v. *Amerige,* 55 Cal. App. 273, 275 [203 Pac. 833] ).

The judgment is reversed.

Richards, J., and Langdon, J., concurred.

Hearing in Bank denied.

All the Justices concurred.