[Civ. No. 2507. Fourth Appellate District.—March 6, 1940.]

FAY SECURITIES COMPANY (a Corporation), Appellant, v. MORTGAGE GUARANTEE COMPANY (a Corporation), Respondent.

Henry O. Wackerbarth for Appellant.

Fleming & Robbins and C. S. Tinsman for Respondent.

BARNARD, P. J.—This action involves the boundary lines of certain lots lying between Workman Street and Pasadena Avenue in Los Angeles. Pasadena Avenue comes into Workman Street at a rather sharp angle. A triangular tract between these two streets was subdivided into lots, the map being recorded in 1878. The lots in question face easterly upon Workman Street and westerly upon Pasadena Avenue. Because of the angles at which the streets run, the southerly line of each lot is longer than its northerly line. The recorded map shows each lot in question with a frontage of fifty feet on Workman Street and a frontage of fifty-two feet on Pasadena Avenue. The length of the southerly line of each lot is shown in feet but the degrees of the angles are not shown.

The plaintiff owns lot 26 in this tract. The defendant Mortgage Guarantee Company owns the adjoining lot on the south, which is lot 25. The defendants Skinner own lot 27, which is to the north of lot 26. All of these parties hold under deeds which describe the respective lots by reference to the above-mentioned map. The plaintiff acquired lot 26 in 1930. At that time, and for some years prior thereto, all three of the lots in question were improved with brick buildings.

In 1935 the plaintiff brought this action. The complaint alleged, among other things, that the distance between the northerly and southerly boundary lines of lot 26 was fifty feet, but that the distance between the Skinner Building, to the north of lot 26, and the Mortgage Guarantee Company building to the south of that lot, was only 49.4 feet at the westerly end of the Skinner Building and 49.54 feet at the easterly end of that building. In other words, it was alleged that there was an encroachment of nearly a foot at one end of the building and about six inches at the other. It was then alleged that the plaintiff was unable to determine the location of the north and south boundaries of its lot or to tell which of the adjoining buildings encroached thereon, and that an actual controversy existed between the parties relating to the location of the northerly and southerly boundary lines of lot 26. It was alleged that the owner of each lot and their

predecessors had paid taxes on each lot, respectively, for more than fifty-seven years. The prayer was for declaratory relief; that the court determine the true boundary lines of lot 26 and whether or not either of the adjoining buildings encroached upon that lot; that in the event the court found that either of the adjoining buildings thus encroached it order the encroaching defendant to remove any such portion of his building; and that the plaintiff be given proper writs to compel the removal of any encroaching portions of the adjoining buildings.

The plaintiff introduced evidence which it relies upon as showing that the building owned by the defendant Mortgage Guarantee Company extended over the southerly line of plaintiff's lot a distance of about a foot at its westerly end and about six inches at its easterly end. The defendant Mortgage Guarantee Company introduced evidence which, if accepted, shows that its building rested entirely upon its own lot. The action was dismissed as to the defendants Skinner.

The court found and decreed that a determination at this time of the boundary lines between these properties is not now necessary or proper under all of the circumstances, that no damage or inconvenience has been caused the plaintiff or is being caused the plaintiff at this time by reason of the location of the improvements upon the respective properties, and that the plaintiff's cause of action to enforce removal of any buildings or improvements or for a mandatory injunction, even though an encroachment existed, is barred by reason of the long delay of plaintiff in asserting its claimed rights. Judgment was entered that the plaintiff take nothing and awarding defendants their costs of suit. From this judgment the plaintiff has appealed.

Appellant's main contention is that the court failed to find on a material issue and erred in failing to give declaratory relief to the appellant by determining the boundary lines of its lot. It is argued that an actual controversy existed in this regard, that the evidence showed that the appellant owned a lot fifty feet in width but had actual occupation of only about forty-nine feet thereof, and that it was the duty of the court not only to determine the true boundary lines but to order the removal of encroaching portions of the respond-

ent's building. It is further argued that under these circumstances section 1061 of the Code of Civil Procedure, which authorizes a court to refuse to exercise its power of declaratory relief in any case where its declaration or determination is not necessary or proper at the time and under all of the circumstances, has no application.

The refusal of the court to grant declaratory relief must, in view of the code section referred to, be upheld on appeal unless an abuse of discretion appears. (*Cutting* v. *Bryan*, 206 Cal. 254 [274 Pac. 326]. It should also be remembered that the declaratory relief sought by the appellant, namely, the fixing of the boundaries, was united with an attempt to enforce the removal of portions of the respondent's building. To have given declaratory relief by fixing the boundaries alone would have given no immediate benefit to the appellant. While the action was brought in the form of one for declaratory relief because of the appellant's uncertainty as to which of the defendants was encroaching upon its land, after the action was dismissed as against the Skinners it was, in practical effect, one to compel the respondent to remove a part of its building from the appellant's land.

Nor does the evidence indicate that the appellant has been aggrieved by the judgment. The entire controversy rests upon a difference in the methods used by the respective parties in measuring the lots, that is in following the lines and distances as set forth in the map recorded in 1878. Under the method contended for by the appellant the evidence indicates that most of the buildings on lots in this tract would be encroaching upon the adjoining lots.

Surveyors called as witnesses for the respondent testified that they located the original southwest corner of the tract covered by the map of 1878, that from that point they traced the lines and distances given on the recorded map, and that following the distances thus given the various lots worked out correctly as they were occupied, and the respondent's building was entirely upon its lot and did not encroach upon the appellant's land. They testified that since the map shows only the distances and not the angles, they followed these distances under which method the various lots, as built upon, correspond to the recorded map. They further testified that as the tract lay upon the ground, if a lot measured fifty feet

on Workman Street and fifty-two feet on Pasadena Avenue the lot's northerly and southerly lines could not be exactly parallel.

The only evidence pointed out by the appellant which could show that the respondent's building encroached upon its lot is based and rests entirely upon the testimony of one surveyor. He testified that the recorded map was in error; that he could not give each lot fifty-two feet frontage on Pasadena Avenue as called for by the map; that he had not measured it because he was unable to locate the original corner but that mathematically it would not work out; that he had taken an old fence which he considered an old monument and had then drawn parallel lines at right angles to Workman Street and running through to Pasadena Avenue, which he had taken as the true lines intended by the map and which would give each lot a uniform width of fifty feet. It thus appears that this survivor worked without an established original starting point and that he assumed that all lot lines were at right angles to the line of Workman Street when the recorded map shows no such angles. It does not appear that Workman Street runs exactly north and south, in fact the copy of the recorded map in the record indicates the contrary. If, in fact, that street runs in a northwesterly direction, as indicated by the map, the method adopted by this surveyor might well result in its being found that the appellant's building encroached upon the land of the respondent. If, instead of assuming lot lines at right angles to Workman Street, this surveyor had assumed that these lines were at right angles to Pasadena Avenue it would certainly result that appellant's building encroached upon respondent's land. The unreliability of this testimony and the impropriety of any such assumptions as to the angles is not only apparent but destroys the value of the evidence upon which the appellant relies.

There is no evidence in the record which would have supported a judgment in favor of the appellant establishing boundary lines of its lot as contended for by it, or in such a manner as would show any encroachment thereon by any portion of the respondent's building. If the court had found the location of these boundary lines upon the evidence called to our attention, the finding would necessarily have been in

favor of the respondent and against the appellant. It follows that the appellant has not been aggrieved by the judgment and, in so far as the appellant is concerned, no abuse of the discretion vested in the trial court here appears.

A further consideration is that, in so far as it is brought to our attention, the evidence indicates that in view of the appellant's long delay in asserting its rights the case is not one justifying a mandatory order compelling the respondent to remove a portion of its building from the plaintiff's land. (*Rankin* v. *De Bare*, 205 Cal. 639 [271 Pac. 1050]; *Rothaermel* v. *Amerige*, 55 Cal. App. 273 [203 Pac. 833].)

The only other point raised is that the occupation by respondent of a portion of appellant's land without the payment of taxes thereon would not sustain a decree awarding title because of adverse possession. The judgment is not based upon any such consideration and the question suggested is not here involved.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.