[Civ. No. 14341.   First Dist., Div. Two.   Feb. 27, 1951.]

GEORGE A. BERTRAM, Respondent, v. SAVERIO ORLANDO et al., Appellants.

Charles D. Sooy and Fahey, Bocci & Gallen for Appellants.

L. L. James and Carl E. Day for Respondent.

DOOLING, J.—Plaintiff and defendants are the owners of adjoining parcels of land.  At least 20 years before the trial of this action defendants' predecessors in interest placed upon their land three wooden buildings set upon concrete piers parts of which extend across the common boundary line and occupy a portion of the surface of plaintiff's land. Plaintiff commenced an action for a mandatory injunction

and damages and from a judgment granting plaintiff such relief defendants appeal. The primary question presented on appeal is whether the action falls within the statute of limitations, Code of Civil Procedure, section 338, subdivision 2, which bars after three years: "An action for trespass upon or injury to real property."

Defendants rely upon *Rankin* v. *De Bare*, 205 Cal. 639 [271 P. 1050], which we have concluded is controlling. In that case an action was brought to compel the removal from plaintiff's premises of an encroachment of a building belonging to defendant, one wall of which rested upon a strip of plaintiff's land, and for damages. The court said at page 641:

"The record shows that the injury or trespass is permanent in character. Where the injury or trespass is of a permanent nature, all damages, past and prospective, are recoverable in one action, and the entire cause of action accrues when the injury is suffered or the trespass committed. (Citing cases.) The trespass was committed . . . on or about May 1, 1917. Three years expired on May 1, 1920, and as this action was not commenced until January 5, 1923, the cause of action was barred."

Plaintiff relies on *Kafka* v. *Bozio*, 191 Cal. 746 [218 P. 753, 29 A.L.R. 833]. That was not a case where an adjoining building encroached upon the surface of plaintiff's land, but an encroachment by progressive leaning of the wall of the building above the surface. The court in that case draws the distinction clearly at pages 750-751:

"The wrong here complained of was an encroachment, not upon plaintiff's land, but upon the space above the land, and, therefore, was not a trespass but a nuisance. The distinction is pointed out in Wood on Nuisances, third edition, at page 33. The action herein is not an action at law to recover damages for a trespass, but a suit in equity to abate a nuisance, and, as originally instituted, incidentally to recover damages therefor. (Code Civ. Proc., sec. 731; *Meek* v. *De-Latour*, 2 Cal.App. 261, 263 [83 P. 300], and cases cited.) Where a trespass consists of a physical entry upon the lands of another and taking possession thereof under such circumstances as to indicate an intention that the trespass shall be permanent, the law may regard the wrong done in such case as complete at the time of the entry and allow recovery in a single action of all damages resulting therefrom, including prospective as well as past damages. This is particularly

true where the entry and taking possession are for a public use, in connection with which the trespasser might have exercised the right of eminent domain, but omitted to do so. (*Robinson* v. *Southern California Ry. Co.*, 129 Cal. 8 [61 P. 947]; *Williams* v. *Southern Pac. Co.*, 150 Cal. 624 [89 P. 599].) In such a case the statute of limitations runs from the time of the original entry.''

The trial court found: ''That said nuisance is daily and continuous. . . . That said encroachments can be easily removed at a reasonable cost.''

Plaintiff cites cases from other jurisdictions and 54 Corpus Juris Secundum, pages 131-132 where the rule is announced: ''A permanent structure as respects running of the statute of limitations has been defined as one which may not be readily remedied, removed, or abated at a reasonable expense or one of a durable character evidently intended to last indefinitely, costing as much to alter as to build it in the first instance, while, if the structure causing injury can easily be changed or repaired at reasonable expense, it is a temporary structure.''

Wth one exception all of the cases cited in support of the rule are cases of structures wholly on the land of the defendant which caused consequential damage to plaintiff's land as by diversion of water thereon, creating smoke, odors or pollution etc. Even in such cases, although the structure itself does not invade the surface of plaintiff's land, it has been held in those jurisdictions that if it would be unduly costly to change the structure so as to abate the consequential damage the nuisance is permanent and the statute of limitations commences to run with the first injury. These cases are no authority for the rule that a direct invasion of the surface of the soil of another by the encroachment of the foundations of a building thereon is not, to requote *Kafka* v. *Bozio, supra,* 191 Cal. at page 750, ''a physical entry upon the lands of another and taking possession thereof under such circumstances as to indicate an intention that the trespass shall be permanent.''

The single exception above noted is *Pettit* v. *Incorporated Town of Grand Junction,* 119 Iowa 352 [93 N.W. 381]. There a town constructed frame buildings upon a public street and the court applied the rule to conclude that it would not be presumed that public authorities would intend to occupy a public street so as to permanently obstruct it. The case stands alone and may well be explained by the reluctance of the

court to permit the right to occupy a public thoroughfare to be gained by prescription.

We are satisfied that under the California cases herein cited the encroachment of a building obviously intended to be permanent upon the soil of another is a permanent trespass and that the cause of action based thereon is barred by Code of Civil Procedure, section 338, subdivision 2, in three years.

Judgment reversed.

Schottky, J. pro. tem., concurred.