[Civ. No. 17952.    First Dist., Div. Two.    July 9, 1958.]

J. C. MATTOS, Respondent, v. MANUEL R. MATTOS,
Appellant.

Lounibos & Lounibos for Appellant.

Freitas, Allen, McCarthy & Bettini for Respondent.

DRAPER, J.—Defendant appeals from judgment directing abatement of a nuisance. A large number of eucalyptus trees stood on defendant's land along its boundary with the lands of plaintiff. In 1951 some of these trees were blown down, so that they lay across the boundary line. While the testimony is not detailed, photographs in evidence show that the roots of these trees remain upon the lands of defendant, with portions of them still embedded in the soil. After trial without jury, the court ordered defendant to remove the trees from plaintiff's land. Defendant appeals.

Appellant first argues that the judgment is erroneous because there is no showing that any act or conduct of his caused the damage. It is true that there is neither showing nor finding of any negligent or wrongful act or omission of defendant proximately causing the falling of the trees. But no such showing is required. If the trees remained upright, with some of their branches extending over or upon plaintiff's land, they clearly would constitute a nuisance, which defendant could be required to abate. (*Bonde* v. *Bishop*, 112 Cal.App.2d 1 [245 P.2d 617]; see also *Grandona* v. *Lovdal*, 70 Cal. 161 [11 P. 623]; *Parsons* v. *Luhr*, 205 Cal. 193 [270 P. 443].) We are unable to distinguish the situation before

us, where portions of the trunks as well as branches lie upon and over plaintiff's land. ■ The evidence is clear that these portions of defendant's trees cover a substantial area of plaintiff's land, and appreciably restrict its use for the grazing purposes to which it is normally devoted. Thus they constitute a nuisance (Civ. Code, § 3479) and justify plaintiff's action for abatement thereof (Code Civ. Proc., § 731).

■ Defendant contends that the action is barred by the statute of limitations. (Code Civ. Proc., § 338, subd. 2.) For purposes of application of the statute to actions for damages from or for the abatement of a nuisance, a distinction is drawn between those intrusions upon another's land which are "permanent" and those which are "continuing." (*Tracy* v. *Ferrera,* 144 Cal.App.2d 827 [301 P.2d 905].) Construction of a building partly upon the land of another is a permanent encroachment thereon and the entire cause of action for past as well as prospective damages accrues when the trespass occurs. (*Bertram* v. *Orlando,* 102 Cal.App.2d 506 [227 P.2d 894, 27 A.L.R.2d 899].) But, "if the nuisance may be discontinued at any time" (*Phillips* v. *City of Pasadena,* 27 Cal.2d 104, 107 [162 P.2d 625]) or when the encroachment "is abatable" (*Kafka* v. *Bozio,* 191 Cal. 746, 751 [218 P. 753, 29 A.L.R. 833]), the nuisance is continuing and each repetition or continuance amounts to another wrong giving rise to a new cause of action. ■ Roots and branches of trees have been held to fall in the "continuing" classification. (*Stevens* v. *Moon,* 54 Cal.App. 737, 743 [202 P. 961].) This action is not barred.

■ Defendant finally contends that the falling of the trees was due to a windstorm of such intensity as to amount to an "act of God," and thus free him of responsibility. As already pointed out, this action is not based upon a claim of negligence, but upon the absolute liability of an owner to remove portions of his trees which extend over and upon another's land so as to constitute a nuisance. In any event, defendant's contention raised only a question of fact. The evidence, which indicates that at most this storm was of somewhat more than average intensity, warrants the implied finding that the falling of the trees was not within the category of an act of God. (*Conlin* v. *Coyne,* 19 Cal.App.2d 78, 86-87 [64 P.2d 1123].)

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.