[Civ. No. 24827.  Second Dist., Div. Three.  June 13, 1961.]

FRANK CASTELLETTO et al., Respondents, v. GEORGE J. BENDON et al., Appellants.

*Assigned by Chairman of Judicial Council.

G. G. Baumen for Appellants.

Henry Silver for Respondents.

BISHOP, J. pro tem.*—Plaintiffs sought by this action to have it declared that three buildings, erected upon defendants' lot, but which stand in part on plaintiffs' property, were a continuing trespass and nuisance there, and should be removed. Among other defenses pleaded was the statute of limitations, subdivision 2 of section 338, Code of Civil Procedure, being specifically mentioned. We find that the statute of limitations pleaded precludes any judgment in plaintiffs' favor, and are reversing, on defendants' appeal, the judgment awarding plaintiffs a small sum in damages and providing for the ultimate removal of the three buildings.

There is no serious dispute as to the facts. Plaintiffs' lot and that of the defendants have a common boundary. Three wooden buildings which stand mainly on defendants' lot, do have a toe hold over the line. They had stood in this position for at least 12 years before this action was filed, but neither the defendants nor the plaintiffs were aware of the fact of the trespass until shortly before the action was brought.

The plaintiffs' first argument in support of the finding that the statute of limitations had not run is an echo of this statement in the memorandum decision filed by the trial judge: "The statute of limitations would not start to run until the facts were known to the plaintiffs." This, of course, is the rule in some situations, but we are satisfied that it is not the rule in the one under review. Section 338, Code of Civil Procedure, which prescribes three years as the time within which certain actions must be commenced, embraces in addition to subdivision 2, which covers "an action for trespass upon or injury to real property," these three, among others: "4. An action for relief on the ground of fraud or mistake. . . .

"5. An action upon a bond of a public official. . . .

"6. An action against a notary public on his bond or in his official capacity. . . ." With respect to each of the causes of action mentioned in subdivisions 4, 5 and 6, section 338 goes on to say that the cause of action is not to be deemed to have begun to run until discovery by the aggrieved party of the facts constituting the cause of action. The Legislature's

---

*Assigned by Chairman of Judicial Council.

omission of a like provision with respect to the cause of action of subdivision 2 cannot be said to be unintentional, nor is that which has been omitted to be written in by the judicial branch of the government. We are satisfied that where, as in this case, the location of the buildings was quite apparent, the failure of the owner of the property upon which the buildings trespassed to know that his line ran under the buildings, affords no reason for saying that the cause of action for trespass did not begin to run until he was aware that it was his property, in part, upon which the buildings stood.

We find plaintiffs' second argument affords no better support for the judgment than the first did. It is that the buildings were not permanent in nature and so do not come within the rule of such cases as *Rankin* v. *DeBare* (1928), 205 Cal. 639, 641 [271 P. 1050, 1051]: "Where the injury or trespass is of a permanent nature, all damages, past and prospective, are recoverable in one action, and the entire cause of action accrues when the injury is suffered or the trespass committed." The judgment, in the case from which we have just quoted, awarded the plaintiff $350, because when the defendant made an addition to a two-story building on his property it encroached an inch and a half upon plaintiff's property. The judgment was reversed because the action was not brought for over five years after the reconstruction.

In *Bertram* v. *Orlando* (1951), 102 Cal.App.2d 506, 507 [227 P.2d 894, 895, 24 A.L.R.2d 899], the court said: "Defendants rely upon *Rankin* v. *DeBare*, 205 Cal. 639 [271 P. 1050], which we have concluded is controlling," and reversed the judgment of the trial court which had found (p. 508): " 'That said nuisance is daily and continuous. . . . That said encroachments can be easily removed at a reasonable cost.' " Similarly we read in *Troeger* v. *Fink* (1958), 166 Cal.App.2d 22, 26 [332 P.2d 779, 782]: "Where one party so constructs a permanent building that it encroaches upon the land of another, the trespass is regarded as permanent in nature; causes of action for damages and for injunctive relief accrue when the trespass is committed and are barred three years thereafter." In addition to the two cases from which we have quoted briefly, the court cited in support of the statement just quoted *Tracy* v. *Ferrera* (1956), 144 Cal.App.2d 827, 828 [301 P.2d 905, 906], where a delay of a few months over three years had been held to outlaw an action similar to this one.

The plaintiffs rely upon *Kafka* v. *Bozio* (1923), 191 Cal.

746 [218 P. 753, 29 A.L.R. 833]. Both *Bertram* v. *Orlando, supra* (1951), 102 Cal.App.2d 506, 507 [227 P.2d 894, 895, 24 A.L.R.2d 899], and *Troeger* v. *Fink, supra* (1958), 166 Cal.App.2d 22, 27 [332 P.2d 779, 782], have paid their respects to *Kafka* v. *Bozio, supra,* distinguishing it from such a case as ours in that in it the defendant's building leaned over but did not rest upon plaintiffs' land. We see no need to distinguish *Kafka* v. *Bozio, supra,* for the third time. If the distinction made does not rob it of its value as an authority, in this case, then it must be deemed to have been overruled, for the three cases noted differ from it in their conclusions.

There is nothing in any of the cases that we have noted to indicate that the word "permanent" is used in the sense of "everlasting." Nor is the fact that after many years the buildings are now in a state of disrepair proof that when built they were not "permanent" as the term is used. In *Mattos* v. *Mattos* (1958), 162 Cal.App.2d 41, 43 [328 P.2d 269, 270], the trespass consisted of trees that had blown over, and been left upon plaintiff's land. In holding that this was not a trespass of a permanent nature the court stated: "Construction of a building partly upon the land of another is a permanent encroachment thereon and the entire cause of action for past as well as prospective damages accrues when the trespass occurs."

In our case, defendant's buildings were constructed where they were with no thought of moving them elsewhere. One was erected on concrete piers, another on a "permanent continuous foundation." As the term is used in the cases they were of a "permanent nature," and the statute had run long before the plaintiffs acquired their property and before the action was commenced.

The judgment is reversed.

Vallée, Acting P. J., and Ford, J., concurred.