[Civ. No. 35344. Second Dist., Div. One. June 11, 1970.]

MARTIN POLIN et al., Plaintiffs and Appellants, v.
CHUNG CHO et al., Defendants and Respondents.

## COUNSEL

Martin Polin, in pro. per., Andre & Wood and Richard D. Wood for Plaintiffs and Appellants.

Muller, Brazil, Woolpert, McWhinney & Duenow and A. H. Brazil for Defendants and Respondents.

## OPINION

GUSTAFSON, J.—Plaintiffs (husband and wife) own a parcel of unimproved land in the City of San Luis Obispo. Defendants own an abutting parcel. Defendants erected what is known as the Southwood Shopping Center on their land.

Plaintiffs filed a complaint March 22, 1967, setting forth three causes of action against defendants. On March 6, 1969, defendants noticed a motion for summary judgment in favor of defendants as to each of the three causes of action. The motion was heard on declarations filed by the parties and was granted June 6, 1969. Plaintiffs appeal from the judgments entered against them.

Plaintiffs allege in the first cause of action that in 1964 defendants "diverted a stream and storm drain from defendants' adjoining property onto plaintiffs' said property" by bulldozing a ditch on plaintiffs' property. The result, allege plaintiffs, is that plaintiffs' land suffered erosion "during and after each rain since the said diversion was made."

In their answer defendants pleaded as a bar to the first cause of action the three-year statute of limitations of section 338 of the Code of Civil Procedure. In support of their motion for summary judgment, defendants submitted declarations that "straightening the channel" was completed March 20, 1964, two days more than three years prior to the filing of the action. Plaintiffs filed no declaration in opposition.

Plaintiffs do not allege that physical entry upon their land by defendants caused any damage. Neither do they allege that the moving of earth by a bulldozer to form a new ditch or channel diminished the value of their property. What they do allege is that rain falling "since the said diversion was made" eroded their land because of its flow in the new ditch or channel.

As originally enacted in 1872, subdivision 2 of section 338 of the Code of Civil Procedure required that "[a]n action for trespass upon real property" be brought within three years. In 1921 the subdivision was amended to include the words "or injury to" so that it now reads: "An action for trespass upon or injury to real property." There can be an actionable injury to real property with no trespass thereon. (*Hicks* v. *Drew* (1897) 117 Cal. 305 [49 P. 189].) Conversely, there can be an actionable trespass upon real property for which the owner may recover nominal damages even though his property is not injured. (See *Sefton* v. *Prentice* (1894) 103 Cal. 670 [37 P. 641]; *Costerisan* v. *Melendy* (1967) 255 Cal. App.2d 57 [62 Cal.Rptr. 800].) The amendment made the same three-year statute of limitations applicable to both causes of action.

The statute of limitations runs from the date the cause of action accrues. In *Hicks* v. *Drew* (1897) 117 Cal. 305 [49 P. 189] (an "injury to real property" without a "trespass") defendant built a wall on his land in April or May 1890 which subsequently caused surface waters to flow on plaintiff's land. Plaintiff filed an action November 29, 1893. A two-year statute of limitations was then applicable to an injury to real property. The court held that plaintiff was entitled to recover all damages suffered after November 29, 1891, that is, a cause of action accrued as each injury occurred even though the cause of the injury was the building of the wall more than two years before the action was filed. (See *Keys* v. *Romley* (1966) 64 Cal.2d 396 [50 Cal.Rptr. 273, 412 P.2d 529] for the present California doctrine on liability for diversion of surface waters from one's own land.) ▄ "[T]he statute does not run from the time the act of diversion is committed but from the date the injury resulting therefrom is sustained." (*Frustuck* v. *City of Fairfax* (1963) 212 Cal.App.2d 345 [28 Cal.Rptr. 357].) ▄ Similarly, when a defendant makes an excavation not on plaintiff's land which later causes subsidence of plaintiff's land, "the rule is that a new and separate cause of action arises with each new subsidence, with any applicable limitations statute running separately for each separate subsidence." (*Bellman* v. *County of Contra Costa* (1960) 54 Cal.2d 363 [5 Cal.Rptr. 692, 353 P.2d 300].)

Where, as is the case here, the injury results from something placed on or done to plaintiff's land during the course of an earlier trespass, there is no problem in most jurisdictions because of the doctrine of a "continuing trespass." As stated in Restatement Second of Torts, section 161, a "trespass may be committed by the continued presence on the land of a structure, chattel, or other thing which the actor has tortiously placed there . . . ." The doctrine has been applied to defendant's dredging a creek on plaintiff's land thereby changing the course of the creek with resultant erosion to plaintiff's land. (*Reese* v. *State* (1947) 198 Misc. 316 [72 N.Y.S.2d 209].)

But in California the courts have adopted the doctrine of a "permanent trespass." The most persuasive reason for deeming a condition "permanent" is that plaintiff is not put to a succession of lawsuits, but may recover future damages in one lawsuit on the premise that the condition will exist forever. The rule being for the benefit of plaintiff, plaintiff should not be compelled to treat a condition as "permanent" when plaintiff prefers not to so treat it. (See *Kornoff* v. *Kingsburg Cotton Oil Co.* (1955) 45 Cal.2d 265 [288 P.2d 507].) Nonetheless, with respect to buildings or railroads tortiously placed on a plaintiff's land, California cases have not permitted the plaintiff to consider the trespass continuing, but have required the plaintiff to consider the trespass permanent as of the date of completion of construction and thus have held plaintiff's cause of action barred if not brought

within three years of that date. (*Robinson* v. *Southern Cal. Ry. Co.* (1900) 129 Cal. 8 [61 P. 947]; *Williams* v. *Southern Pac. R.R. Co.* (1907) 150 Cal. 624 [89 P. 599]; *Rankin* v. *De Bare* (1928) 205 Cal. 639 [271 P. 1050]; *Bertram* v. *Orlando* (1951) 102 Cal.App.2d 506 [227 P.2d 894, 24 A.L.R.2d 899]; *Tracy* v. *Ferrera* (1956) 144 Cal.App.2d 827 [301 P.2d 905]; *Troeger* v. *Fink* (1958) 166 Cal.App.2d 22 [332 P.2d 779]; *Castelletto* v. *Bendon* (1961) 193 Cal.App.2d 64 [13 Cal.Rptr. 907].)

■ But where "from the character of the trespass it is not to be presumed that the wrongful conduct will be continued, successive trespasses give rise to successive causes of action, and an action may be brought at any time to recover the damages which have accrued within the statutory period, although the original trespass occurred before that period . . . . In all cases of doubt respecting the permanency of the injury, the courts are inclined to favor the right to successive actions." (*Carbine* v. *Meyer* (1954) 126 Cal.App.2d 386 [272 P.2d 849].) Where plaintiff's access to his property was cut off by defendant's placing a locked gate across the road thereby creating a nuisance, it was held that "if the nuisance may be discontinued at any time it is considered continuing in character. . . . Every repetition of a continuing nuisance is a separate wrong for which the person injured may bring successive actions for damages until the nuisance is abated, even though an action based on the original wrong may be barred." (*Phillips* v. *City of Pasadena* (1945) 27 Cal.2d 104 [162 P.2d 625].) Thus using plaintiff's land for storage is "a continuing trespass and in such case the statute does not begin to run from the date of original entry, but recovery may be had for a period of time not exceeding the statutory period immediately preceding filing of the action." (*Lindberg* v. *Linder* (1933) 133 Cal.App. 213 [23 P.2d 842].) "[I]n doubtful cases the plaintiff should have an election to treat the nuisance [or trespass] as either permanent or not." (*Spaulding* v. *Cameron* (1952) 38 Cal.2d 265 [239 P.2d 625].)

■ Defendants assert that the complaint in seeking future damages indicates an election by plaintiffs to treat the trespass as permanent. But since plaintiffs seek an injunction against defendants, the future damages referred to must be construed to mean those occurring between the time of filing the action and the time of trial. (Civ. Code, § 3283.) If plaintiffs recover damages on the premise that the trespass is permanent, they will be "deemed to have waived the invasion and consented to the continued occupancy of the land." (*Slater* v. *Shell Oil Co.* (1943) 58 Cal.App.2d 864 [137 P.2d 713].) But if they obtain an injunction which will avert further damage, they are not entitled to damages beyond the date when the injunction is granted. (*Spaulding* v. *Cameron* (1952) 38 Cal.2d 265 [239 P.2d 625].)

The declarations filed by defendant do not describe the manner in which the ditch or channel was cut. From what little information the trial court had, the ditch or channel could not have been found to be of the same permanency as a completed railroad or building. Moreover, the declarations did not negate plaintiffs' allegation that their land has been, and is being, eroded by reason of rain falling subsequent to March 22, 1964, and being carried in the new ditch or channel. We therefore conclude that plaintiffs have pleaded a cause of action based on injury to real property (without regard to the trespass), but that if the cause of action must be deemed to be based upon a trespass, the trespass alleged is continuing in nature. Bearing in mind the oft repeated principles that a summary judgment is drastic in character, that a summary judgment should not be granted if there is any triable issue of fact and that a summary judgment may be granted only when the evidence (affidavits and declarations) before the court compels a conclusion that plaintiffs have no case, it was error for the court to grant a summary judgment on the first cause of action. There is at the very least a question of whether the trespass committed by defendants in 1964 continued beyond March 22, 1964.

The complaint alleges in the second cause of action on information and belief that in the course of realigning the ditch, defendants cut down four trees which were on the common property boundary line and three which were on the plaintiffs' land. Plaintiffs seek damages in the sum of $1,000. Defendants submitted a declaration of a licensed surveyor showing where the property line is and a declaration of one of the defendants stating unequivocally that no tree on plaintiffs' property was cut down. In the only declaration in opposition to those of the defendants, one of the plaintiffs said he "is informed and believes that at least four (4) trees on the common property line between plaintiffs' and defendants' properties and three (3) trees on plaintiffs' property were removed by the defendants."

Plaintiffs argue that because they have no personal knowledge of whether trees on their property were cut down, they cannot execute affidavits based on their personal knowledge in accordance with section 437c of the Code of Civil Procedure and that therefore defendants are not entitled to a summary judgment. The first contention is, of course, correct. The second is not. "The affidavit or affidavits in opposition to said motion shall be made by the plaintiff . . . or by any other person having knowledge of the facts, and together shall set forth facts showing . . . that a good cause of action exists upon the merits." (Code Civ. Proc., § 437c.) It is only when "the party resisting the motion appears in a representative capacity, such as a trustee, guardian, executor, administrator, or receiver, [that] the affidavit in opposition by such representative may be made upon his information and belief." (Code Civ. Proc., § 437c.)

In order to prevail at the trial, plaintiffs would be required to bear the burden of proving that trees were cut from their property. Whether any trees on plaintiffs' property were cut is not a matter peculiarly within the knowledge of defendants. The purpose of a motion for a summary judgment is to determine whether there is any triable issue of fact. When defendants submitted evidence by way of declarations that no tree on plaintiff's property was cut, plaintiffs were put to the slight burden of showing that there would be some evidence, substantial or not, that a tree was cut. If plaintiffs could not meet that slight burden, they obviously could not prevail at the trial and the trial would therefore be a waste of time and money. The summary judgment for defendants on the second cause of action is affirmed.

The third cause of action alleges on information and belief "that the approval of the City of San Luis Obispo of the Southwood Shopping Center plans included a requirement that a reasonably attractive screening fence and landscaping including trees that would serve as a screen for plaintiffs' property, be established by defendants at the rear of said shopping center and in close proximity to plaintiffs' property." It is further alleged that defendants did not meet the referred to requirements.

The complaint is defective in not setting forth with specificity from the public records precisely what defendants were required to do. The complaint alleges that "plaintiffs have been damaged in the sum of $5,000.00" as a result of the failure of defendants to "meet the requirements." The relief sought by plaintiffs is a mandatory injunction. (Civ. Code, § 3367; Code Civ. Proc., § 525.) The question of whether plaintiffs have pleaded a cause of action for a mandatory injunction (see Code Civ. Proc., § 526; Civ. Code, § 3369; California Zoning Practice (Cont. Ed. Bar 1969) pp. 479-482) is not before us because "[i]f the pleadings are insufficient, the defect may be raised by demurrer or motion to strike, or by motion for judgment on the pleadings," but not by motion for summary judgment. (*Coyne* v. *Krempels* (1950) 36 Cal.2d 257 [223 P.2d 244].)

A declaration filed by an attorney for defendants incorporated minutes of the meeting of the City Planning Commission of the City of San Luis Obispo held on August 20, 1963, showing that defendants were permitted to erect a shopping center on condition of "Compliance with policy items A and B set out by the Planning Commission on 9 June 1959" and on condition that "A solid screen to [sic] be erected adjoining the service area to control headlight glare and reduce noise." One of the defendants filed a declaration that the required screen (fence) was built, but one of the plaintiffs filed a declaration that the screen (fence) fell down after it was built and that policy items A and B referred to in the minutes of the Plan-

ning Commission required landscaping which "is substantially non-existent."

Because the trial judge did not have before him the zoning ordinances of the City of San Luis Obispo or "policy items A and B," he could not decide whether defendants were required only to install the landscaping and screen or whether they were required to install and maintain the landscaping and screen. Moreover, there is no affirmative allegation in any declarations on behalf of the defendants that landscaping was ever installed. Thus there are triable issues of fact with respect to the third cause of action which require reversal of the summary judgment in favor of defendants.

The judgments with respect to the first and third causes of action are reversed. The judgment with respect to the second cause of action is affirmed. Plaintiffs and defendants shall bear their own respective costs on appeal.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied July 7, 1970, and respondents' petition for a hearing by the Supreme Court was denied August 5, 1970.