330 A.2d 807.

ANTHONY FABBRI *et al. vs.* REGIS FORCIER, INC. *et al.*

JANUARY 20, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a civil action in which the plaintiffs seek to compel the defendants, adjoining landowners, to erect a retaining wall to prevent the defendants' land from eroding onto the plaintiffs' land, and also to compel the defendants to remove from their land a tree alleged to be in an unsafe condition and to be a danger to the plaintiffs.

The cause was tried to a Superior Court justice sitting without a jury who granted the relief sought in the complaint. From that judgment, defendants now appeal. The record indicates that plaintiffs, husband and wife, pur-

chased property located on Cove Road in the town of Coventry from defendants who are engaged in the business of land development and home construction. The defendants presently own property which is located to the rear of and immediately adjoining plaintiffs' premises. This property is at a higher elevation than plaintiffs' property and slopes steeply down to it.

Anthony Fabbri testified that defendants dug out the hill behind his property in order to landscape what is now his lot, that defendants did not loam or seed the slope of the hill, and that rocks, stones, water and debris have washed from defendants' property onto plaintiffs' property. Mr. Fabbri stated that he has over the years dug a trench, erected a cyclone fence, erected a picket fence, and built a railroad tie wall, all in an attempt to prevent the rocks, stones and water from coming upon his premises. He stated that his efforts were unsuccessful, and that the debris and water continues to accumulate on his land. Mr. Fabbri further testified that in his remedial activities he never touched the hill itself as it is on defendants' property.

Mr. Fabbri also testified that a large tree located on defendants' property but overlooking plaintiffs' property, was in a dangerous condition in that its roots had become exposed because of the erosion of the slope.

Linda Fabbri, one of the plaintiffs, testified that defendants developed the land in controversy, and that no one else ever intentionally scraped the hillside adjacent to plaintiffs' property.

Viola E. DiCarlo, a neighbor of plaintiffs, testified that an employee of defendant used a bulldozer while landscaping the hillside.

The trial justice in his decision specifically found that the tree complained of constituted a continuing danger to

plaintiffs' premises, and that the danger was caused by the actions of defendants in scraping the hillside which allowed erosion to expose the roots of the tree.

The defendants contest the trial justice's finding on two grounds: first, that there is no evidence of the tree's unsoundness, and second, that the tree was not planted by defendants.

It is well settled that where parties submit their case to a trial justice sitting without a jury, his findings are to be accorded great weight and will not be disturbed on appeal unless clearly wrong, that is, unless the trial justice either overlooked or misconceived some relevant and material evidence on a controlling issue. *McConnell* v. *Golden,* 104 R. I. 657 at 661, 247 A.2d 909 at 910-11 (1968).

Here plaintiffs testified as to the dangerous condition of the tree's roots, and in the absence of any evidence to the contrary we cannot fault the trial justice for concluding that the tree constituted a continuing danger to the safety of plaintiffs and their property. The defendants' contention is clearly untenable.

The defendants' second argument has no greater merit. An unsound tree standing near a property boundary line is a nuisance which the landowner on whose land the tree stands may be required to eliminate regardless of whether it was planted or was the result of natural growth. 2 C.J.S. *Adjoining Landowners* §51 (1972), 1 Am. Jr.2d *Adjoining Landowners* §29 (1962); *see also, Mattos* v. *Mattos,* 162 Cal. App.2d 41, 328 P.2d 269 (1958); *Rowe* v. *McGee,* 5 N.C. App. 60, 168 S.E.2d 77 (1969); *Forbus* v. *Knight,* 24 Wash.2d 297, 163 P.2d 822 (1945).

We believe this to be the proper rule. To hold otherwise would place plaintiffs in continuing jeopardy from an object over which they have no control, and which, at the time they first occupied the premises, appeared perfectly safe. We cannot say that the finding of the trial

justice that the condition of the tree was sufficiently dangerous to constitute a nuisance is clearly wrong, and consequently it will not be disturbed. *McConnell* v. *Golden, supra.*

The defendants further argue that the trial justice misconceived or overlooked evidence which clearly established that plaintiffs had altered the terrain by their own activities and therefore were not entitled to the relief sought. The defendants contend that the testimony of plaintiffs that they dug a trench, erected a cyclone fence, installed a railroad tie wall, and squared off the property line, together with plaintiffs' testimony that they removed soil up to the property line establishes that the erosion which resulted in the rocks and debris falling upon plaintiffs' land was caused by plaintiffs themselves.

The trial justice found that the hill owned by defendants had been consistently feeding rocks, dirt, and other debris onto plaintiffs' land whenever a substantial rainfall occurred. The evidence supporting this finding is uncontested. The trial justice further found that the stated condition was a direct result of defendants' activities in preparing the property for sale, and by necessary implication that it was not a result of plaintiffs' remedial actions. In our opinion, the testimony by plaintiffs that defendants built plaintiffs' house, landscaped the lot, dug out the hill to increase the size of the level lot, and failed to loam and seed the slope, when added to the testimony of Viola E. DiCarlo that defendants' employee used a bulldozer while landscaping the hill, is sufficient evidence to support the trial justice's findings.

The defendants have consequently failed to convince us that the trial justice was clearly wrong or that he misconceived or overlooked relevant and material evidence on a controlling issue. *McConnell* v. *Golden, supra.*

211

The defendants' appeal is denied and dismissed, the judgment appealed from is affirmed, and the cause is remitted to the Superior Court.

*Marion J. Dillon, Francis J. Maguire,* for plaintiffs.

*Nolan & Dailey, Leo J. Dailey,* for defendants.