Filed 3/29/21  Vlazakis v. Superior Court CA1/4

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| ATHANASIA VLAZAKIS et al.,<br><br>　　　Petitioners,<br><br>v.<br><br>THE SUPERIOR COURT OF ALAMEDA COUNTY,<br><br>　　　Respondent;<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　Real Party in Interest. | A160704<br><br>(Alameda County<br>Super. Ct. No. RG19021463N) |

　　　The Vlazakis family owns a building that is supported by a series of beams that are bolted into the brick wall of a neighboring building.  Pacific Gas and Electric Company (PG&E) purchased the neighboring building in 2015, then sued the Vlazakis family for trespass and nuisance after discovering the condition of the adjoined buildings.  The trial court granted PG&E summary adjudication on the Vlazakises' statute-of-limitations defense, reasoning that PG&E could elect to treat the alleged trespass and nuisance as continuing, rather than permanent, so that the statute would not bar relief.  We conclude that it was premature for the trial court to allow PG&E to elect to treat the alleged trespass and nuisance as continuing, since

1

the evidence presented at summary adjudication did not establish as a matter of law that the alleged incursions can reasonably be classified as continuing. We therefore grant the Vlazakises' petition for writ of mandate and direct the superior court to enter a new order denying PG&E's motion for summary adjudication on the affirmative defense of the statute of limitations.

## BACKGROUND

In 2015, PG&E acquired real property in Oakland identified by the street address of 205 Brush Street. PG&E acquired the property for the purpose of constructing a natural gas regulation station. PG&E's property is adjacent to the property owned by the Vlazakis family,[1] which is identified by the street addresses of 225–229 Brush Street and 751 Third Street. The Vlazakis family acquired their property in 1960.

The Vlazakises' property includes a building at 751 Third Street that abuts a brick building located on PG&E's side of the property line. In 2016, PG&E learned that the Vlazakises' building relied on PG&E's brick building for support. Specifically, one side of the Vlazakises' building does not have its own wall, but instead is composed of several steel "I-beams" that are attached by metal bolts to one of the walls of PG&E's building. Resting atop the I-beams are horizontal "H-beam[s]" that support the roof of the Vlazakises' building. Due to this configuration, PG&E structural engineers determined that the removal of PG&E's brick wall would leave the Vlazakises' building without sufficient support and would create a risk of damage or injury unless measures were taken to shore up the roof and walls of the Vlazakises' building.

---

[1] The Vlazakis family includes Athanasia Vlazakis, George Vlazakis, Maria Barbis (formerly Vlazakis), and John Barbis, all of whom PG&E named as defendants in this action.

After PG&E and the Vlazakises attempted without success to resolve the situation on their own, PG&E filed this lawsuit against the Vlazakises alleging that their use of PG&E's building to support their own building constituted a trespass and nuisance. Along with damages and declaratory relief, PG&E seeks injunctive relief that would require the Vlazakises to "refrain from interfering in any way" with PG&E's rights, "including its plan to remove the PG&E building from its property."

The Vlazakises answered the complaint and asserted a number of affirmative defenses, including that PG&E's causes of action for trespass and nuisance are barred by the three-year statute of limitations for actions involving trespass or injury to real property (see Code Civ. Proc., § 338, subd. (b)).

PG&E moved for summary adjudication of the Vlazakises' statute of limitations defense. PG&E argued that the undisputed evidence demonstrated that the alleged trespass and nuisance were continuing in nature and therefore not subject to the three-year limitations period in Code of Civil Procedure section 338, subdivision (b). The Vlazakises opposed the motion, arguing the evidence did not conclusively establish that the alleged trespass and nuisance were continuing, rather than permanent.

The trial court granted PG&E's motion. The trial court stated that in " 'case of doubt,' " a plaintiff may elect whether to treat a trespass and nuisance as permanent or continuing. Because PG&E elected to treat its claims as continuing, the court explained that the Vlazakises could not "reframe" the claims as permanent and assert they are barred by the statute of limitations.

The Vlazakises challenged the trial court's decision by filing a petition for writ of mandate in our court. After soliciting preliminary briefing, we

3

reached the initial conclusion that the trial court erred in summarily adjudicating the Vlazakises' statute of limitations defense because factual issues existed as to whether the alleged trespass and nuisance were continuing or permanent. We issued an alternative writ of mandate directing the trial court to set aside its prior order and issue a new order denying PG&E's motion for summary adjudication on the Vlazakises' statute of limitations defense or, alternatively, to show cause in our court why it should not be compelled to take such action.

In response, the trial court chose not to set aside its prior order, issuing instead a new order explaining in more detail why PG&E was entitled to summary adjudication. The court reiterated that PG&E is the " ' "master" ' " of its complaint and that in case of doubt, PG&E may elect to treat a nuisance or trespass as either continuing or permanent. The court then explained that the evidence "arguably" showed the alleged trespass and nuisance could be continuing, given that the bolts could be removed easily from PG&E's wall, and that the cost of reinforcing the Vlazakises' building could be far less than the value of the Vlazakises' property as a whole. Accordingly, PG&E could elect to pursue claims for continuing trespass and nuisance. "Whether PG&E can prove its claims for continuing trespass and nuisance and whether the alleged nuisance could be abated 'at a reasonable cost by reasonable means' is an issue for trial."

Because the trial court declined to change its prior order, the matter returned to our court. PG&E filed a formal return, and the Vlazakises filed a reply. The matter is now a cause to be decided " 'in writing with reasons as

4

stated,' " as required by article VI, section 14 of the Constitution.  (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)[2]

## DISCUSSION

A plaintiff may move for summary adjudication as to an affirmative defense if the plaintiff contends "that there is no merit to an affirmative defense as to any cause of action."  (Code Civ. Proc., § 437c, subd. (f)(1).)  "A summary adjudication motion is subject to the same rules and procedures as a summary judgment motion."  (*Lunardi v. Great–West Life Assurance Co.* (1995) 37 Cal.App.4th 807, 819.)  Thus, "[t]he plaintiff bears the initial burden to show there is no triable issue of material fact as to the defense and that he or she is entitled to judgment on the defense as a matter of law.  In so doing, the plaintiff must negate an essential element of the defense, or establish the defendant does not possess and cannot reasonably obtain evidence needed to support the defense."  (*See's Candy Shops, Inc. v. Superior Court* (2012) 210 Cal.App.4th 889, 900 (*See's*).)  "If the plaintiff does not make this showing, ' "it is unnecessary to examine the [defendant's] opposing evidence and the motion must be denied." '  [Citation.]  ' "However, if the moving papers establish a prima facie showing that justifies a [ruling] in the [plaintiff's] favor, the burden then shifts to the [defendant] to make a prima facie showing of the existence of a triable material factual issue." ' "  (*Ibid.*)  Our review of a trial court's decision summarily adjudicating an affirmative defense is de novo.  (*Ibid.*)

"Trespass is an invasion of the plaintiff's interest in the exclusive possession of land."  (*McBride v. Smith* (2018) 18 Cal.App.5th 1160, 1173.)  A

---

[2] In this writ proceeding, the Vlazakises also challenged the trial court's decision to summarily adjudicate the Vlazakises' affirmative defense asserting a prescriptive easement.  In a prior order, we summarily denied this portion of the Vlazakises' writ petition.

nuisance is "[a]nything which is injurious to health" or "indecent or offensive to the senses, or an obstruction to the free use of property" that interferes "with the comfortable enjoyment of life or property . . . ." (Civ. Code, § 3479.) While a trespass involves an invasion of the exclusive possession of land, a nuisance need not interfere with possession. (See *Wilson v. Interlake Steel Co.* (1982) 32 Cal.3d 229, 233.) As is the case here, the same condition is often alleged to involve both a trespass and a nuisance. (E.g., *Madani v. Rabinowitz* (2020) 45 Cal.App.5th 602, 606 (*Madani*); *Spar v. Pacific Bell* (1991) 235 Cal.App.3d 1480, 1482.)

The statute of limitations for bringing both a trespass and nuisance cause of action is three years, and the same principles for analyzing the statute of limitations apply whether the wrongdoing is characterized as a trespass or a nuisance. (Code Civ. Proc., § 338, subd. (b); *Madani, supra*, 45 Cal.App.5th at pp. 607, 608.)[3] "Two distinct classifications have emerged in nuisance law which determine the remedies available to injured parties and the applicable statute of limitations. On the one hand, permanent nuisances are of a type where 'by one act a permanent injury is done, [and] damages are assessed once for all.' [Citation.]" (*Baker v. Burbank-Glendale-Pasadena Airport Authority* (1985) 39 Cal.3d 862, 868 (*Baker*).) "In such cases, plaintiffs ordinarily are required to bring one action for all past, present and future damage within three years after the permanent nuisance is erected." (*Id.* at p. 869.) "On the other hand, if a nuisance is a use which may be

---

[3] The limitations period is different in situations not at issue here. The period is shorter (generally one year) for claims against public entities. (Gov. Code, § 911.2; *Baker v. Burbank-Glendale-Pasadena Airport* (1985) 39 Cal.3d 862, 869.) And there is no statute of limitations in an action brought by a public entity to abate a public nuisance. (Civ. Code, § 3490; *Beck Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1216.)

discontinued at any time, it is considered continuing in character and persons harmed by it may bring successive actions for damages until the nuisance is abated." (*Ibid*.)

"Generally, whether a trespass is continuing or permanent is a question of fact properly submitted to the jury." (*Starrh & Starrh Cotton Growers v. Aera Energy LLC* (2007) 153 Cal.App.4th 583, 597.) " '[T]he crucial test of the permanency of a trespass or nuisance is whether the trespass or nuisance can be discontinued or abated.' " (*Mangini v. Aerojet-General Corp.* (1996) 12 Cal.4th 1087, 1097 (*Mangini*).) Under this "abatability" test, a trespass or nuisance is continuing if it "can be remedied at a reasonable cost by reasonable means." (*Mangini, supra*, 12 Cal.4th at pp. 1097, 1103.)

We begin with the trial court's conclusion that PG&E may elect to treat the alleged trespass and nuisance as continuing, which precludes the Vlazakises from arguing the claims are permanent and barred by the statute of limitations. To support this conclusion, the trial court explained that because PG&E is the "master" of its complaint, PG&E may elect to treat the alleged trespass and nuisance as continuing. We disagree.

First, the case cited by the trial court, *Moreau v. San Diego Transit Corp.* (1989) 210 Cal.App.3d 614, refers to a plaintiff as "master" of his complaint only in the context of determining the jurisdiction of the federal courts. As *Moreau* explains: "In making its jurisdictional determination on a motion for remand, the [federal] district court looks no further than the complaint and the motion for removal. This limitation is one aspect of the 'well-pled complaint' rule which holds a plaintiff is the 'master' of his complaint and he may craft his causes of action, if he so desires, to exclude federal jurisdiction." (*Id*. at p. 620.) We are not aware of any authority

7

employing this same concept to allow a plaintiff in a trespass and nuisance action conclusively to establish that the alleged tort is continuing, rather than permanent, simply by so framing its complaint.

Second, and more importantly, the trial court's analysis overlooks that the critical pleading for purposes of PG&E's summary adjudication motion is not PG&E's complaint, but the Vlazakises' answer. PG&E's causes of action for trespass and nuisance are based on the allegations that the Vlazakises' "maintenance of the structural attachments to PG&E's improvements constitutes an encroachment of its property and property rights," and that the "structure" maintained by the Vlazakises "unduly interferes with PG&E's full enjoyment of its property, including the critical and timely completion of its gas regulation station project." In their answer, the Vlazakises assert as an affirmative defense that PG&E's causes of action are barred by the three-year limitations period for trespass and nuisance, which is tantamount to an allegation that the condition alleged by PG&E is permanent in nature. The Vlazakises' answer, in short, puts at issue the matter of whether the trespass and nuisance alleged by PG&E are permanent in nature. (See *Mechling v. Asbestos Defendants* (2018) 29 Cal.App.5th 1241, 1248 ["In California, a responsive pleading functions to set ' "at issue" ' all material allegations of the complaint"]; see also Code Civ. Proc., § 590 ["An issue of fact arises: [¶] 1. Upon a material allegation in the complaint controverted by the answer; and, [¶] 2. Upon new matters in the answer, except an issue of law is joined thereon"].)

PG&E challenged the Vlazakises' allegation that the trespass and nuisance are permanent by moving for summary adjudication on the issue. While PG&E was, of course, free to take this course of action (Code Civ. Proc., § 437c, subd. (f)(1)), it cannot prevail on its motion by relying on the

allegations implicit in its complaint that this trespass and nuisance are of a continuing nature, all the more so because this is controverted in the Vlazakises' answer.  (See *College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 720, fn. 7 ["It is generally understood . . . that a party cannot rely on the allegations of his own pleadings, even if verified, to make or supplement the evidentiary showing required in the summary judgment context"].)

The trial court also justified allowing PG&E to treat the alleged encroachment as continuing based on the principle that "[i]n case of doubt as to the permanency of the injury the plaintiff may elect whether to treat a particular nuisance as permanent or continuing."  (*Baker, supra*, 39 Cal.3d at p. 870.)  This principle was articulated by Justice Traynor in *Spaulding v. Cameron* (1952) 38 Cal.2d 265, who wrote:  "To attempt categorically to classify . . . a nuisance as either permanent or not may lead to serious injustice to one or the other of the parties.  Thus, if the plaintiff assumes it is not permanent and sues only for past damages, he may be met with the plea of res judicata in a later action for additional injury if the court then decides the nuisance was permanent in character from its inception.  [Citation.] Similarly, if the initial injury is slight and plaintiff delays suit until he has suffered substantial damage and the court then determines that the nuisance was permanent, the defendant may be able to raise the defense that the statute of limitations ran from the time of the initial injury.  [Citation.]  On the other hand, if the defendant is willing and able to abate the nuisance, it is unfair to award damages on the theory that it will continue.  [Citations.]  [¶] Because of these difficulties it has been recognized that in doubtful cases the plaintiff should have an election to treat the nuisance as either permanent or not.  [Citations.]  If the defendant is not privileged to continue the nuisance

9

and is able to abate it, he cannot complain if the plaintiff elects to bring successive actions as damages accrue until abatement takes place. [Citations.]  On the other hand, if it appears improbable as a practical matter that the nuisance can or will be abated, the plaintiff should not be left to the troublesome remedy of successive actions.  [Citations.]"  (*Id.* at pp. 267–269.)

The *doubtful cases* principle has played an important role in providing a plaintiff with flexibility to pursue a desired remedy in appropriate situations.  (E.g., *Kornoff v. Kingsburg Cotton Oil Co.* (1955) 45 Cal.2d 265, 266 [allowing plaintiff to treat as permanent "large quantities of fumes, vapors, dust, dirt, sediment, lint and waste materials" emitted from neighboring cotton gin]; *Capogeannis v. Superior Court* (1993) 12 Cal.App.4th 668, 682 [observing that whether contamination on plaintiffs' property was permanent or continuing "was so close or doubtful as to empower the [plaintiffs] to proceed on a theory of continuing nuisance"].)  Nevertheless, "[w]hile a plaintiff's election of remedies is entitled to deference in doubtful cases, that choice must nevertheless be supported by evidence that makes it reasonable under the circumstances."  (*Beck Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1217 (*Beck*).)  "A plaintiff cannot simply allege that a nuisance is continuing in order to avoid the bar of the statute of limitations, but must present evidence that under the circumstances the nuisance may properly be considered continuing rather than permanent.  [Citation.]  It is only where the evidence would reasonably support either classification that the plaintiff may choose which course to pursue."  (*Ibid.*)

At this stage of the proceeding, the evidence does not indisputably establish PG&E's entitlement to elect to treat the Vlazakises' building as a continuing trespass or nuisance.  The evidence presented for summary

10

adjudication showed that the alleged trespass and nuisance involved two structures adjoined by a set of beams and bolts—characteristics that have led courts in other cases to conclude that an alleged trespass or nuisance is permanent in nature. (E.g., *Rankin v. DeBare* (1928) 205 Cal. 639, 641 [building encroaching onto a neighboring property "to the extent of an inch or two" was permanent in character]; *Tracy v. Ferrera* (1956) 144 Cal.App.2d 827, 828 ["walls, foundations, pipes and vents" erected on the plaintiffs' property were permanent in nature]; *Field–Escandon v. DeMann* (1988) 204 Cal.App.3d 228, 233–234 [sewer pipe running below plaintiff's property was a permanent trespass when evidence showed it was intended to be a "permanent structure for sewage disposal"].) There is no evidence that the condition of the buildings has materially changed since the Vlazakis family purchased their building over 60 years ago. And, while the " 'crucial test' " of an encroachment's permanency is whether it can be abated at a reasonable cost and by reasonable means (*Mangini*, *supra*, 12 Cal.4th at p. 1097), PG&E presented no evidence during the summary adjudication proceeding establishing the cost or feasibility of reinforcing the Vlazakises' building so that it can stand independent of PG&E's building. Furthermore, other evidence in the record supports an inference that the condition could *not* be abated at a reasonable cost or by reasonable means. Notably, PG&E provided a letter to the Vlazakises in January 2019 offering to purchase their property for $1.4 million after PG&E had itself determined it was not feasible to reinforce its own wall in a manner that would allow it to complete the gas regulation station.

The trial court concluded that the evidence "arguably" showed the alleged trespass and nuisance could reasonably be abated because although it could cost " 'many thousands of dollars' " to reinforce the Vlazakises' building

once the bolts were removed from PG&E's wall, that was lower than the $1.4 million value of the Vlazakises' property. The summary adjudication record was far too undeveloped for the trial court to have reached this conclusion. As the court acknowledged, neither party presented a technical feasibility or cost estimate for preserving the Vlazakises' building once the bolts were removed, so the court was left to speculate, when it surmised that the cost to structurally reinforce the building would be less than the value of the building, that the alleged nuisance and trespass would be abatable. Given the state of the evidence, the trial court erred in declaring that this matter presented a "case of doubt" in which PG&E could elect to treat the alleged trespass and nuisance as continuing; the evidence in the summary adjudication record does not reasonably support such a classification, and the absence of evidence does not equate to a "case of doubt." (See *Beck*, *supra,* 44 Cal.App.4th at p. 1217.)

The circumstances of this case are nothing like the ones presented in *Baker*, *supra*, 39 Cal.3d 862, where the Supreme Court allowed a plaintiff to treat noise and vibrations from a nearby commercial airport as a continuing nuisance. (*Id.* at p. 865.) The defendant had claimed its airport operations were privileged under federal law, making any alleged nuisance a permanent one. (*Id.* at p. 872.) After noting that "[f]ederal preemption of local regulation of airport noise is not absolute" (*ibid.*), the court explained that "[a]irport operations are the quintessential continuing nuisance." (*Id.* at p. 873.) Accordingly, "[a]lthough federal law precluding interference in any way with flight patterns and schedules adds an element of permanency to an otherwise continuing problem, it does not mandate that the overall nuisance is a permanent one. Thus plaintiffs may elect whether to treat airport noise and vibrations as a continuing or as a permanent nuisance." (*Ibid.*) The

12

unique facts of *Baker* present a much closer case than the facts presented during the summary adjudication proceeding in this case, as PG&E has presented no evidence suggesting the alleged encroachment contains the hallmarks of a "quintessential" continuing nuisance.

The possibility that PG&E may later, on a more fulsome record, be able to elect a continuing nuisance and trespass theory does not allow PG&E to end-run the well-known standards governing summary adjudication motions. To prevail on summary adjudication, PG&E must show there is no triable issue of material fact as to whether the alleged trespass and nuisance may reasonably be classified as continuing. (*See's, supra*, 210 Cal.App.4th at p. 900; *Beck, supra,* 44 Cal.App.4th at p. 1217.) Based on the state of the evidence described earlier, PG&E has not made this showing. PG&E has not presented evidence reflecting the cost of abatement, while other evidence when viewed in a light most favorable to the Vlazakises suggests that the condition cannot reasonably be abated.

PG&E attempts to reframe the nature of the alleged encroachment to minimize the degree to which it may be permanent. According to PG&E, the only trespass that exists results from the metal bolts that penetrate PG&E's brick building, which can be "easily abated" by the Vlazakises removing the bolts. PG&E then asserts that the Vlazakises are free to build their own wall to support their building, or find another way to use the existing I-beams without attaching them to PG&E's building. We are not persuaded because, as PG&E acknowledges, the crucial question is whether an alleged trespass or nuisance can be "remedied at a reasonable cost by reasonable means." (*Mangini, supra*, 12 Cal.4th at p. 1103.) " 'Regardless of literal abatability, where as a practical matter either abatement or successive lawsuits would be inappropriate or unfair then the nuisance may be regarded as permanent and

13

the plaintiff relegated to a single lawsuit, subject to a single limitation period, for all past and anticipated future harms.' " (*Id*. at p. 1100, quoting *Capogeannis v. Superior Court, supra*, 12 Cal.App.4th at p. 678, italics omitted.) Thus, it is not enough for PG&E to show that abatement is possible; PG&E must demonstrate that abatement is reasonable (or, strictly speaking, that PG&E may reasonably treat abatement as reasonable, and thus the encroachment as continuing). But beneath even this rococo exterior, reasonableness remains a quintessentially factual question, not susceptible to summary adjudication here.

The procedural posture of this case and the state of evidence distinguish it from *Madani, supra*, 45 Cal.App.5th 602. There, following a bench trial, the trial court determined a fence that encroached on the plaintiff's property was a continuing trespass and nuisance, which spared the plaintiff's causes of action from being time-barred. (*Id*. at pp. 606–607.) The appellate court, applying the abatability test, concluded that substantial evidence supported the trial court's decision given that the defendant had previously replaced the fence, and that relocating the fence to the proper boundary line would cost approximately $5,000 to $6,000, which "pales in comparison to the property value." (*Id*. at p. 609.) Here, PG&E must do more than present substantial evidence of abatability; PG&E must show that undisputed evidence establishes as a matter of law abatability—or at least that a finding of abatability would be reasonable. (*See's, supra*, 210 Cal.App.4th at p. 900). PG&E asks us to consider that it offered to purchase the Vlazakises' property for $1.4 million, but we are unable to place any significance on the potential value of the Vlazakises' property without evidence showing the cost and feasibility of shoring up the Vlazakises' building, and on this issue PG&E has put forward no evidence at all.

To summarize, we conclude that the trial court should not have summarily adjudicated the Vlazakises' statute of limitations defense. PG&E has not established that the undisputed facts of this case can support classifying the alleged trespass and nuisance as continuing, and therefore has not established that it may elect to treat these encroachments as continuing. We reach the same conclusion with respect to PG&E's declaratory relief cause of action, which is based on the same alleged condition that is the basis of the trespass and nuisance causes of action. (See *Maguire v. Hibernia Savings & Loan Soc.* (1944) 23 Cal.2d 719, 734 ["[T]he period of limitations applicable to ordinary actions at law and suits in equity should be applied in like manner to actions for declaratory relief"].)

## DISPOSITION

Let a peremptory writ of mandate issue commanding respondent superior court to vacate the portion of its July 22, 2020 order summarily adjudicating PG&E's affirmative defense based on the statute of limitations, and to enter a new order denying summary adjudication on this affirmative defense. The Vlazakises are entitled to their costs in this writ proceeding. (Rules of Court, rule 8.493(a)(1)(A).).

TUCHER, J.

WE CONCUR:

STREETER, Acting P. J.
BROWN, J.

*Vlazakis et al. v. Superior Court for the County of Alameda* (A160704)

15